## HILLIARD v. NOYES & a.

The payment and acceptance of a sum less than the amount due on an unliquidated claim, in discharge of the whole claim, is a liquidation and payment of it.

ASSUMPSIT, to recover a balance due for merchandise sold and delivered by the plaintiff to the defendants. The quantity, quality, and price were in dispute. The evidence was conflicting whether the defendants tendered and the plaintiff accepted $18, in full payment for all the goods not previously paid for.

The jury were instructed, that, if the defendants tendered $18, or any other sum in full for the plaintiff's claim, and he received it without objection, such tender and acceptance would be equivalent to an agreement to receive the sum tendered in full settlement of the plaintiff's claim. To these instructions the plaintiff excepted. Verdict for the defendants.

*Marston & Eastman*, for the plaintiff.

*A. R. Hatch* and *John Hatch*, for the defendants.

SMITH, J. When a creditor relinquishes the residue of his claim upon being paid a part thereof, there must be some consideration for the relinquishment, or something to show the possibility of a benefit to the creditor ; otherwise the agreement is only *nudum pactum*. *Fitch* v. *Sutton*, 5 East 230. But this rule is confined to a case of debt, or to a claim for a liquidated amount—*Donohue* v. *Woodbury*, 6 Cush. 148, 150 ; and not to an agreement made in compromise of a doubtful claim on sufficient consideration—*Tuttle* v. *Tuttle*, 12 Met. 551 ; nor where the claim is for unliquidated damages—2 Greenl. Ev., s. 28 ; *Wilkinson* v. *Byers*, 1 A. & E. 106. It was necessary that the parties should understand that the sum paid was in full, and the instructions given must have been so understood by the jury.

                                        *Exceptions overruled.*

STANLEY and BINGHAM, JJ., did not sit.