[S. F. No. 3127.   In Bank.—May 28, 1906.]

## JERSEY ISLAND DREDGING COMPANY, Respondent, v. ARTHUR L. WHITNEY, Appellant.

ACTION FOR SERVICES — COMPROMISE OF PRIOR BILL — SATISFACTION— PAROL EVIDENCE — REBUTTING PROOF OF CIRCUMSTANCES.—In an action for services rendered after the date of a bill rendered for prior services was disputed, and subsequently settled for a less sum, "in full satisfaction of all claims," where defendant was allowed to prove by parol that such settlement and release included a full satisfaction for all work done and to be done, the plaintiff was entitled to rebut such evidence by proof of the surrounding circumstances under which the release was executed, and to show that but one item of the bill was disputed, and that there was no discussion as to anything else than the settlement and satisfaction of that bill.

ID.—OPINION OF WITNESS—HARMLESS RULING—CONCLUSIONS FROM TESTIMONY GIVEN. — Though a witness for plaintiff was improperly allowed to give his opinion, though not objected to on that ground, the admission of the testimony, even if erroneous, was harmless where it was a conclusion necessarily resulting from proper testimony of circumstances previously given by him.

ID.—SATISFACTION ACROSS FACE OF BILL.—Where the receipt of a less sum than the amount of the bill, though bearing date subsequent to the date of the bill, was written across the face of the itemized bill, it cannot be said from the fact that "a satisfaction of all claims" was expressed that it clearly shows a release of all claims of whatsoever nature to such date; but it might be reasonably considered, in the absence of any evidence as to the surrounding circumstances, that the whole subject-matter of the release was the bill upon which it was written and the claim evidenced thereby.

ID. — EVIDENCE IN AID OF INTERPRETATION — SUPPORT OF FINDING.— Evidence of the surrounding circumstances was admissible in order that the trial judge might be placed in the position of those whose language he was to interpret, and taking as true the evidence of the witness who testified to such circumstances, the finding of the court based thereon that the instrument was one of release only of such claims as was evidenced by the bill was sufficiently supported.

ID.—ADDITIONAL WORDS UPON BILL IMMATERIAL.—The additional words written upon the bill, "and guaranteed against liens," are immaterial as respects the determination of the question as to the subject-matter of the alleged release.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Myrick & Deering, for Appellant.

Walter H. Linforth, for Respondent.

ANGELLOTTI, J.—This action was brought by plaintiff to recover the sum of $550.45, alleged to be due it from defendant, for certain dredging work done by it on defendant's ranch at the head of San Pablo Bay, between the nineteenth and thirtieth days of September, 1900, at the agreed price of seventy dollars per day of twenty-two hours. Plaintiff had judgment for the full amount claimed, and defendant appeals from such judgment, and from an order denying his motion for a new trial.

Among other defenses, the defendant alleged that all claims of plaintiff on account of any dredging work had been fully compromised, satisfied, and discharged. The trial court found against defendant upon this issue. The principal point made here is as to the rulings of the trial court in admitting certain evidence upon this issue.

To a proper understanding of these rulings, a brief statement of facts is essential. According to the contract between the parties, the dredger was hired by defendant at a certain rate per diem of twenty-two hours,—viz. seventy dollars, the dredging work to be done under the direction of defendant, and to continue during his pleasure, the contract not specifying, describing, or limiting the work to be done. On September 1, 1900, a bill had been presented by plaintiff to defendant for work done prior to that date, amounting at the prescribed rate to $1,097.75. This bill itemized the days and hours of work. Upon this bill, defendant had paid one thousand dollars. On or about September 17, 1900, plaintiff presented to defendant a bill, bearing date September 17, 1900, for $721.35, purporting to be for work to and including September 13th. Upon this bill, the charges were itemized as follows, viz.:—

"Bal. due on bill Sept. 1st................$ 97.75
143 hours work.......................... 455.00
53 hours aground....................... 168.60"

and attached thereto was an itemized statement of the hours of actual work each day.

At this time the dredger was still engaged in the service of defendant, and continued so to be to and including the first day of October, and between September 17th and October 1st, the work for which recovery is here sought was done. Upon the presentation of the bill of September 17th, some dispute arose between plaintiff's president, Mr. Wright, and defendant, as to the precise nature of which there is a conflict of evidence, which continued over a period of several days, until, on September 25th, defendant paid Wright $650, and wrote across the face of the bill the following, viz.: "Sept. 25, 1900. Paid $650 in full satisfaction of all claims and guaranteed against liens," and this was signed by Wright as follows: "Jersey Island Dredging Co., per W. H. Wright, Pres't." At this time no bill for any work done subsequent to September 13th had been presented. It is this statement written across the face of the bill of September 17th that is claimed by defendant to constitute a written contract of compromise and release of all claims on account of dredging work, not only for such work as was done prior to September 17th, and embraced in said bill, and that done between September 17th and September 25th, but also for that done subsequent to September 25th.

It is apparent that construing this writing most favorably to defendant, it could not include any claim for work done subsequent to September 25th, the day it was executed, and that defendant was compelled to resort to parol testimony to substantiate the claim made by him,—viz. that the $650 was paid and received in full satisfaction of all work done and to be done. This he was allowed to do, and he testified that there was a dispute both as to the character and manner of work and the charges therefor, and that he and Wright agreed that Wright would go on and finish such dredging work as remained to be done, and that he would pay Wright $650, with the understanding that such payment ended the matter, and, with the one thousand dollars already paid, constitute full payment for all services rendered and to be rendered under the contract.

This was the only claim made by defendant, and there was no pretense that the writing was made to cover in addition to the charges specified in the bill, merely amounts due at its date, September 25th. As we have said, defendant was

allowed to give this evidence to support a claim at variance with the terms of the writing.

In rebuttal, Wright was allowed to testify that the only item in the bill of September 17th that was ever disputed was the charge of $168.60 for fifty-three hours while the dredger was aground, Wright claiming that such charge was entirely proper and customary, and that, after several interviews, he agreed to make a slight reduction and accept $650, if Whitney would pay that sum at once. He further testified that there was no discussion or consideration as to any other bill or claim than the one presented, and no discussion as to the payment of $650 being in full as to anything except that bill, and that at the time of the payment he did not know what work had been done since the making of the bill. Thus far, he certainly did no more than to testify, in reply to the testimony of defendant, as to the circumstances under which the payment was made and the writing signed, and to contradict the testimony of defendant as to a parol agreement at variance with the terms of the writing.

He was then asked, "When you accepted this $650 and signed this paper, what were you settling?" and answered, "That bill," referring to the bill of September 17th. He was then asked, "Were you settling anything else?" and answered, "No sir." The questions were each objected to on the sole ground that they constituted efforts to contradict a writing by parol evidence, and the objections were overruled. These are the only rulings relative to the admission of evidence which are assigned as error and discussed in defendant's brief.

The questions were objectionable as calling for the mere opinion or conclusion of the witness, but no such objection was made. And even if error was committed in the admission of such testimony, we would not be justified in holding it to be prejudicial, for the answers of the witness did no more than to give the conclusion which would necessarily follow his testimony as to the circumstances under which the alleged release was signed. The answers to the questions under consideration constituted no more than a mere summary, in the form of a conclusion or opinion, of the previous testimony of the witness, and could have added nothing to the effect thereof in the mind of the trial judge.

There was certainly no error in the admission of such pre-

vious testimony.   Assuming that the writing relied on constituted a valid contract or release instead of a mere receipt, the question still remained as to what was released thereby. It is true the writing stated that the $650 was "in full satisfaction of all claims," but taking into consideration the fact that this was written across the face of the itemized bill of September 17th, and that the amount named and paid was less than the total amount of such bill, it cannot reasonably be claimed that it clearly and explicitly shows a release and satisfaction of all claims of whatever nature from the beginning of the world to the date thereof.   Taking the whole writing together, which includes not only the statement as to payment, but also the bill on which the statement is written, one might reasonably conclude therefrom that the whole subject-matter of the release was the bill upon which it was written and the claims evidenced thereby, and in the absence of any evidence at all as to the surrounding circumstances, there would be strong ground for holding this to be the proper construction of the writing.   Under these circumstances, parol evidence as to the surrounding circumstances was admissible, in order that the trial judge might be placed in the position of those whose language he was to interpret.   (Civ. Code, sec. 1647; Code Civ. Proc., sec. 1860.)

Taking as true the evidence of Wright as to these circumstances, which for the purposes of this appeal must be done, there can be no doubt as to the sufficiency of the evidence to sustain the conclusion of the trial court that the instrument relied on by defendant was a release only of such claims as were evidenced by the bill of September 17th.   As has been said, none of these claims are involved in this action.

We cannot see that the additional words "and guaranteed against liens" are at all material in the determination of the question as to the subject-matter of the alleged release.

The evidence was sufficient to sustain the finding of the trial court to the effect that no part of the amount claimed had been paid.   Some point is made as to $250 shown to have been advanced by a tenant of defendant to plaintiff, but the evidence entirely fails to show that this payment was made for or on account of the defendant, or that it was intended as a payment at all.

No other point is made for reversal.

CXLIX Cal.—18

The judgment and order denying a new trial are affirmed.

Sloss, J., Shaw, J., Henshaw, J., and Lorigan, J., concurred.

BEATTY, C. J.—I dissent for reasons that appear in the opinion of the district court of appeal.

Rehearing denied.

The following is the opinion of the district court of appeal of the first appellate district, rendered on the 7th of July, 1905, approved in the dissenting opinion of Chief Justice Beatty:—

HARRISON, J.—The plaintiff, under an agreement with the defendant therefor, did certain dredging work, at a rate per diem agreed upon between the parties, on the defendant's ranch in Sonoma County, at the head of San Pablo Bay, on account of which the defendant paid to it one thousand dollars about September 1, 1900, leaving a balance of $97.75 unpaid upon the amount then claimed to be due. September 17th the plaintiff presented a bill for $721.35 (including said unpaid amount of the former bill), which it claimed to be then due to it. The defendant objected to this bill on the ground of the unsatisfactory character of the work, and also disputed his liability for one item of $168.60 in the bill, but after a few days the dispute was compromised, and the plaintiff agreed to accept $650. The defendant thereupon paid it that amount of money on September 25th, and the plaintiff gave the defendant the following receipt, which was indorsed across the face of the bill and signed by its president: "Paid $650 in full satisfaction of all claims and guaranteed against liens." The work was not completed at that date, and after its completion the plaintiff brought the present action to recover the sum of $550.45 claimed by it to be due for work done "between the 19th and 30th days of September." In his answer the defendant denied any liability to the plaintiff, and alleged that all claims in its favor on account of any dredging work had been fully compromised, satisfied, and discharged. Judgment was rendered in favor of the plaintiff, from which and from an order denying a new trial the defendant has appealed.

At the trial the defendant read in evidence the aforesaid
bill of September 17th, together with the indorsement of
the plaintiff thereon, and gave his testimony of the circum-
stances under which it was made.  The plaintiff's president
was a witness in its behalf, and when upon the stand was
asked the following questions:  "Mr. Wright, at the time of
that conversation between Mr. Whitney and yourself, that
you have just referred to was any bill or claim under dis-
cussion or consideration other than that shown on this ex-
hibit?" to which he answered, "No, there was nothing else
except that bill."—"When you took this $650 what claims
were you settling?" to which he answered, "That bill."—
"Were you settling anything else?" to which he answered
"No, sir."

Objections to each of these questions were duly made by
the defendant upon the ground of incompetency, in that
the plaintiff sought thereby to contradict the terms of a writ-
ten instrument by parol evidence.  The court overruled the
objections, and the defendant duly excepted thereto.

The appellant contends in support of his appeal that the
court erred in these rulings, and that for this reason the
judgment should be reversed.  On the other hand, the re-
spondent contends that the evidence was properly received
under the rule that the terms of a receipt may be always
explained or contradicted by parol evidence.

The rule is universal that a simple receipt for money or
for property paid or delivered is not conclusive thereof, but
is merely *prima facie* evidence of the fact.  Such a receipt
is only an acknowledgment or admission by the party giving
it that he has received the money or property therein named
and, like any other admission or recital, may be controverted
or explained by extrinsic evidence.  (Greenleaf on Evidence,
sec. 305; 2 Parsons on Contracts, *555; *Comptoir d'Escomptes*
v. *Dresbach,* 78 Cal. 15, [20 Pac. 28].)  The same rule
obtains even though the receipt purports to be "in full"
or "in full payment," of an admitted or undisputed liabil-
ity or indebtedness.  A creditor does not discharge his
debtor from all liability upon an admitted obligation for two
thousand dollars by receiving from him only one thousand
dollars, even though he give him a receipt "in full" for his
claim.  Such an agreement is without any consideration to

support it. (*Ryan* v. *Ward*, 48 N. Y. 204, [8 Am. Rep. 539]; *American Bridge Co.* v. *Murphy*, 13 Kan. 35; *Morris* v. *St. Paul etc. Co.*, 21 Minn. 91; *Price* v. *Treat*, 29 Neb. 543, [45 N. W. 790].) An exception to this rule prevails in Connecticut, the courts of that state having at an early day (*Fuller* v. *Crittenden*, 9 Conn. 401, [23 Am. Dec. 364]), following the rule then prevailing in England, held that such a receipt had the effect to discharge the claim, and that parol evidence could not be received to contradict its terms.

A receipt "in full of all demands" is held in Illinois (*Waldrath* v. *Norton*, 5 Gilm. 437) and in Missouri (*Ireland* v. *Spickard*, 95 Mo. App. 53, [68 S. W. 748]), to be subject to explanation by parol evidence; while in Indiana (*Henry* v. *Henry*, 11 Ind. 236, [71 Am. Dec. 354]), New York (*Vedder* v. *Vedder*, 1 Denio, 257), Wisconsin (*Conant* v. *Kimball*, 95 Wis. 550, [70 N. W. 74]), and other states it is held otherwise. So, too, a receipt of that character, joined with a receipt for the amount of a particular demand, will be limited to the matter particularly expressed. (See *Grumley* v. *Webb*, 44 Mo. 444, [100 Am. Dec. 304]; *Randall* v. *Reynolds*, 52 N. Y. Super. Ct. 145; Civ. Code, sec. 1648.)

A receipt may, however, be accompanied with a contract; as, for example, where the money for which it purports to be given is paid in discharge of an unliquidated claim for damages, or upon a compromise or settlement of a contractual liability, when the amount claimed therefor is disputed and the receipt purports to be in full payment or satisfaction of such claim. In such cases the transaction is regarded as an accord and satisfaction, and the instrument will have the same effect as a release from the claim. Such an instrument may be contradicted as to any facts which it erroneously recites, and evidence will also be received for the purpose of showing that it was given by reason of some fraud or mistake sufficient in equity to set it aside; but in the absence of such evidence it is to be construed in accordance with the rules for interpreting written contracts. A claim or demand about which there is a *bona fide* dispute, either as to the amount claimed or as to the existence of any liability therefor, is an unliquidated claim, and the acceptance of a part thereof upon a compromise of a dispute will be a sufficient consideration for an agreement on the part of

the creditor to discharge the entire claim.   (*Tuttle* v. *Tuttle*, 12 Met. 551, [46 Am. Dec. 701]; *Nassoiy* v. *Tomlinson*, 148 N. Y. 326, [51 Am. St. Rep. 695, 42 N. E. 715].)   A receipt given upon such compromise which purports to be in full satisfaction of the claim will operate as a contract by the creditor for the discharge of the debtor, and, like any other written contract, is not subject to be varied or explained by parol evidence.   (*Coon* v. *Knap*, 8 N. Y. 402, [59 Am. Dec. 502]; *Fuller* v. *Kemp*, 138 N. Y. 231, [33 N. E. 1034); *Komp* v. *Raymond*, 42 App. Div. 32, [58 N. Y. Supp. 909]; *Hills* v. *Sommer*, 53 Hun, 392, [6 N. Y. Supp. 469]; *Tanner* v. *Merrill*, 108 Mich. 58, [62 Am. St. Rep. 687, 65 N. W. 664]; *Cummings* v. *Baars*, 36 Minn. 350, [31 N. W. 449]; *Conant* v. *Kimball*, 95 Wis. 550, [70 N. W. 74]; *Stapleton* v. *King*, 33 Iowa, 28, [11 Am. Rep. 109]; *Babcock* v. *Hawkins*, 23 Vt. 561; *Hilliard* v. *Noyes*, 58 N. H. 312; *Goodwin* v. *Goodwin*, 59 N. H. 548.)

Under these rules the indorsement of the plaintiff upon the bill paid by the appellant, "Paid $650 in full satisfaction of all claims," is not only an admission that that amount of money was paid, but it also operated as a contract of the plaintiff for the release of the defendant from its claim. The testimony of both the appellant and the president of the plaintiff shows that the defendant disputed the correctness of the bill, and that in consequence of such dispute the latter agreed to receive $650 therefor, and signed the above indorsement.   The term "satisfaction" has a distinctive significance in legal phraseology, and imports a release and discharge of the obligation in reference to which it is given, and the statement in the indorsement that the money paid was in satisfaction of "all" claims is without any ambiguity in its terms, and includes not only the claim on which it was written, but every other claim which the plaintiff then had against the defendant.   It was therefore error for the court to receive testimony for the purpose of explaining the terms of the indorsement, or seeking to place a limitation upon the meaning of the words employed.   Especially was it error to permit the witness to testify as to his understanding of the claims he was settling.   (*Squires* v. *Amherst*, 145 Mass. 192, [13 N. E. 609]; *Baker* v. *Baird*, 79 Mich. 255, [44 N. W. 604]; *Solary* v. *Webster*, 35 Fla. 363, [17 South. 646].)

Whether the agreement thus indorsed upon the bill had the effect to discharge the defendant from liability for the work done for the plaintiff after September 25th cannot be determined upon the record before us. Such discharge was alleged by him in his answer, and upon the trial he gave testimony to the effect that the $650 was paid to the plaintiff upon an agreement between them that it should cover not only the work already done, but all work thereafter to be done, by the plaintiff under their previous agreement. At the trial this defense was presented in two branches; one by the above indorsement, which by its terms is limited to claims existing at the date it was given; the other by this verbal agreement. The finding of the court that the allegations of the answer constituting this defense are "untrue," in so far as it refers to the claims covered by the indorsement, is, as we have seen, not sustained by the evidence; but the failure to make a finding upon that portion of the defense which the defendant sought to sustain by the testimony respecting the verbal agreement, notwithstanding such testimony was denied by the plaintiff, necessitates a new trial.

The payment to the plaintiff by the Beet Sugar Company is not available to the defendant as a defense to the plaintiff's claim. Aside from the objection that such defense is not alleged in the answer, there was no evidence that the payment was made for or on account of the defendant.

The judgment and order denying a new trial are reversed.

Cooper, J., and Hall, J., concurred.