[Civ. No. 303. Second Appellate District.—February 23, 1907.]

D. D. SNYDER, Respondent, v. A. J. REGAN, Appellant.

ACTION AGAINST PRIOR LESSEE OF STORE—WRONGFUL WITHHOLDING FROM SUBSEQUENT LESSEE—DAMAGES—DEFENSE—SETTLEMENT OF PRIOR SUIT AGAINST LESSOR—INSTRUCTION—SUPPORT OF VERDICT. In an action by a subsequent lessee of a store to recover damages against a prior lessee for the wrongful withholding thereof after the term, in which defendant pleaded in bar a prior action to recover the same damages against the lessor, which was settled and dismissed upon the lessor's payment of costs and plaintiff's attorney's fees, where the court instructed the jury that if they found that the actual damages sued for against the lessor had entered into the settlement and dismissal of the prior suit, plaintiff could not recover them against the lessee, and the jury found a general verdict for the plaintiff for the actual damages claimed against the prior lessee, such verdict amounts to a finding that such actual

damages were not included in such settlement, and there being evidence to support it, the verdict will not be disturbed upon appeal.

ID.—COMPETENCY OF EVIDENCE AS TO SETTLEMENT—RECEIPT IN GENERAL TERMS—RELEASE OF ALL CLAIMS.—It was competent to show what matters entered into the settlement and dismissal of the prior suit against the lessor, even though the receipt in general terms released the lessor from all claims of damages against him.

ID.—PLEADING—OWNERSHIP OF BUSINESS DAMAGED.—An averment that plaintiff was a merchant in the city where the storeroom was leased, and conducted a store business in that city, and that in view of increasing his business he leased the storeroom wrongfully withheld, and was injured in his business because he could not remove his goods thereto, is a sufficient averment of the ownership of the business damaged as against a general demurrer.

ID.—DEPRECIATION IN VALUE OF GOODS TO BUSINESS.—An averment that "the goods depreciated in value to plaintiff's business," sufficiently alleges a loss to the business conducted by plaintiff, in relation to such goods as he would have been enabled to sell but for the tortious acts of defendant.

ID.—SUPPORT OF VERDICT—CONFLICTING EVIDENCE AS TO OWNERSHIP AND DAMAGE.—Where there was a conflict of evidence as to plaintiff's ownership of the business, and as to whether the damages thereto could have been avoided by the use of ordinary diligence, as well as to the amount of damages suffered on account of the various items specified in the complaint, and as to whether his goods actually depreciated in value, to his injury, and there was some testimony to support the verdict for plaintiff, it is conclusive as to all such questions.

ID.—ITEMS OF DAMAGE — REVIEW UPON APPEAL.—Where the agreed proof is such as to warrant the jury in determining generally the damage to the extent found by them in their verdict, it is not incumbent upon the appellate court to enter upon a calculation as to the elements of damages, and what may or may not have been considered, or the weight or effect which was given to any particular testimony as to items of damage, nor to examine the items to determine whether the jury considered some small item, where the testimony was very slight.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Wm. Shipsey, for Appellant.

S. V. Wright, for Respondent.

5 Cal. App.—5

ALLEN, P. J.—Action to recover damages for wrongfully withholding possession of certain premises. Verdict and judgment for plaintiff, from which judgment, and an order denying a new trial, defendant appeals.

The action was brought by plaintiff, the lessee of a certain storeroom in the city of San Luis Obispo, whose lease thereof commenced September 1, 1903. The defendant as a prior lessee, whose lease expired at the date last named, was in possession, and, notwithstanding the expiration of his lease, refused to surrender the same, but continued in possession until September 23d of that year. Plaintiff, relying upon his lease, made purchases of goods most marketable at that point in the month of September, and which were duly received about September 1st, but by reason of defendant's acts it became necessary to store the same at an expense to plaintiff; and other goods were delayed in consignment because of plaintiff's inability to furnish storeroom therefor, and a loss ensued to plaintiff by not being able to display and sell the said goods during September. That in consequence of the expected removal, plaintiff disarranged his store then occupied by him so as to seriously interfere with his business during the time that defendant wrongfully held possession of the other store; and suffered other losses specifically set out in the complaint. Afterward, in November, 1903, plaintiff commenced an action against the lessor to recover damages for breach of contract by reason of his failure to deliver possession of the premises. In that complaint most of the items of damages were identical with those set out in this action. That action against the lessor was dismissed under an agreement by which the lessor paid the costs of court, and the attorney's fees for the preparation and filing of the complaint, estimated at $45.25. Defendant in this action pleaded such settlement and dismissal as a bar to this action, claiming that all questions of actual damage accruing to plaintiff had once been satisfied and paid.

The trial judge instructed the jury that if they should find that such actual damage had entered into the settlement of the action against the lessor and plaintiff had received a valuable consideration on account of such settlement and dismissal, that plaintiff could not again recover the amount of such actual damages from defendant; and, further, that the adequacy of such payment was not material; that the ques-

tion was, Did plaintiff receive any sum in settlement of the actual damages suffered by him?

The verdict, which was a general one in favor of the plaintiff, by implication, amounts to a finding that such actual damages had not been the subject of such settlement. There was evidence to suport such finding, and it will not be disturbed upon appeal.

It was competent to show what matters entered into the settlement and dismissal, even though the receipt in general terms released the lessor from all claims of damages against him. (*Jersey Island Dredging Co.* v. *Whitney,* 149 Cal. 269, [86 Pac. 691].)

There was a conflict of evidence with reference to the ownership of the business, and as to whether the damages could have been avoided by the use of ordinary diligence, as well as to the amount of damages suffered on account of the various matters specified in the complaint. But as to all of such matters there is some testimony warranting the jury in its finding, and under the well-established rule, the verdict of the jury is determinative of all such questions. Appellant, however, insists that the complaint itself does not aver ownership in the goods or business alleged to have been injured. We find an allegation that plaintiff was a merchant in the city of San Louis Obispo, and conducted a store business at that place and was desirous of increasing his business, in view of which he entered into a lease for the premises by which plaintiff rented said storeroom, and was injured in his business because he could not remove his goods thereto. As against a general demurrer this is a sufficient averment of ownership of the business intended to be carried on in said leased premises. A statement of facts which indicates with reasonable certainty actual ownership is the equivalent of an allegation of the ultimate fact.

It is next contended as to one of the allegations of damages, namely: as to the depreciation in value of certain goods, that the allegations of the complaint are insufficient to entitle plaintiff to the recovery of such item. The allegation is that "the goods depreciated in value to plaintiff's business." It is argued that this is not a sufficient allegation of depreciation to authorize a recovery; that a recovery can be had only for the actual market depreciation, which, it is claimed, is not shown in the record. We accept this allegation of injury

on account of the depreciation in value to the business as sufficient to allege a loss to the business conducted by plaintiff in relation to such goods as he would have been enabled to sell but for the tortious acts of defendant. It was for the jury to say whether such goods actually depreciated in value to the injury of plaintiff and his business, which it has determined adversely to the appellant. When there is some testimony in the record sufficient to sustain a verdict, it is not incumbent upon us to enter upon a calculation as to the elements of damage and what may or may not have been considered, or the weight or effect which was given to any particular testimony in connection with such items of damage. Nor will we enter into an examination of the items entering into the verdict to determine whether the jury considered some small item where the testimony was very slight, when the general proof is such as to warrant a jury in determining generally the damage to the extent found by them in their verdict.

There is nothing in the record indicating passion or prejudice; nor was there anything in the conduct of respondent's counsel which could have had the effect of prejudicing an intelligent jury. Taking the whole record, we are satisfied that the verdict was a fair one; that the charges of the court were proper, and that there is no prejudicial error in such record.

The judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.