[Civ. No. 263.   First Appellate District.—October 2, 1907.]

CALIFORNIA PACKERS COMPANY, Respondent, v. MERRITT FRUIT COMPANY, Appellant.

APPEAL FROM JUDGMENT—REVIEW—LAPSE OF SIXTY DAYS—FINALITY OF FINDINGS.—Upon an appeal from the judgment taken after the lapse of sixty days from its rendition, the sufficiency of the evidence to justify the findings and decision is not reviewable, and the findings must be considered final as to the facts.

CORPORATIONS—ACTION UPON SUBSCRIPTION TO STOCK—DEFENSE OF RECEIPT IN FULL—PAROL EVIDENCE—SETTLEMENT OF FRUIT ACCOUNTS.—In an action by a fruit packing corporation against a fruit corporation upon the subscription by the latter to the stock of the former, when defendant pleaded a receipt of money by plaintiff from defendant in full of all demands of every kind and nature, parol evidence was admissible to show that the settlement related wholly to dried fruit accounts between the parties, and did not

include, and was not intended to include, the unpaid subscription of defendant to the capital stock of plaintiff, which had not then been called for and was not then due, and was not mentioned between the parties.

ID.—EFFECT OF ADMISSION OF DUE EXECUTION OF RECEIPT IN FULL— PAROL EVIDENCE NOT EXCLUDED.—The admission of the due execution of the receipt and release pleaded, by failure to deny the same under oath, does not go beyond the language of the statute, and when plaintiff did not attempt to prove the contrary, he was not precluded by such admission from offering parol evidence of the circumstances surrounding the receipt, for the purpose of showing what demands were included in it, nor from controverting the instrument by evidence of mistake or fraud, or to show that it had no connection with the demand sued upon.

APPEAL from a judgment of the Superior Court of Santa Clara County. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

J. R. Leppo, for Appellant.

Joseph R. Patton, for Respondent.

COOPER, P. J.—The complaint alleges that the defendant, in September, 1900, subscribed for one hundred and twenty-five shares of the capital stock of plaintiff at the par value of $10 per share, the same to be paid for upon call, with the exception of the first payment of twenty-five cents per share, and that the said shares were issued and delivered to defendant; that in March, 1904, plaintiff duly issued a call upon its stockholders for $6 per share upon every share of its capital stock, the call upon defendant amounting to $750, which it refused and neglected to pay, and for which sum judgment is prayed.

The answer denies the principal allegations of the complaint and alleges affirmatively that in January, 1903, defendant paid to plaintiff the sum of $4,648.22 in full payment and satisfaction of the said indebtedness and of all demands of every kind and nature, and that thereupon the plaintiff executed and delivered to defendant a release and discharge of said indebtedness.

The instrument claimed to be a release or discharge is set forth in the answer, and is as follows:

"San Jose, Cal., Jan. 10th, 1903.

"The California Packers Company, a corporation, has this day received from the Merritt Fruit Company, a corporation, the sum of forty-six hundred forty-eight 22/100 ($4648.-22), being in full payment, satisfaction and discharge of all claims and demands of every kind and nature now or heretofore existing in favor of said The California Packers Company, or in favor of the California Cured Fruit Association, a corporation, against the said The Merritt Fruit Company; and in consideration of said payment above mentioned the said The California Packers Company covenants and agrees to hold safe and harmless and free from all liability and expenses of every kind on account of any claim or demand made or to be made by the said California Cured Fruit Association against the said The Merritt Fruit Company growing out of or based upon any contract, dealing, transaction or act of any kind by or between the said California Cured Fruit Association and the Merritt Fruit Company, of date prior hereto, and said The California Packers Company further covenants and agrees to defend and protect in any and all courts, or otherwise, at its own cost and expense, the said The Merritt Fruit Company, from any and all such above mentioned claim or claims, demand or demands.

"In witness whereof, the said The California Packers Company, by resolution of its board of directors, has caused this instrument to be subscribed by its president and secretary, and its corporate name, with corporate seal, the day and year first above written.

"CALIFORNIA PACKERS CO.,
"By W. M. GRIFFIN, President,
"(Seal)        By R. W. HERSEY, Secretary."

Findings were filed, upon which judgment was entered for plaintiff as prayed. This appeal is from the judgment on the judgment-roll with a bill of exceptions, but as the appeal was not taken within sixty days after the rendition of the judgment, we cannot, under the well-settled rule, consider the sufficiency of the evidence to justify the findings and decision. We must therefore consider the findings final as to the facts.

The case turns on the construction of the instrument herein set forth as to whether or not it is a contract or a receipt, and as to whether or not parol evidence was admissible to explain it and show the circumstances under which it was given. The court below, under defendant's objections, received evidence of the facts and circumstances under which it was given, and for the purpose of explaining it. It found that, at the time of giving the instrument, the plaintiff and defendant had an adjustment of certain controversies growing out of demands and cross-demands, relating to the handling, disposal, sale and storage of certain dried fruits of the crop of 1900 and upon such settlement defendant agreed to pay and did pay the sum of $4,648.22 in full payment of its liabilities to plaintiff, "growing out of or connected with the said sale, disposal, handling and storage of said dried fruits, and upon such payment by defendant to plaintiff, the plaintiff then and thereupon and in pursuance thereof executed and delivered to defendant the instrument set forth and described in defendant's answer."

The court further found that the said settlement did not include, nor was it intended to include, "defendant's obligation and liability to pay plaintiff said defendant's unpaid portion of the subscription price upon its one hundred and twenty-five shares of plaintiff's capital stock, or any portion thereof, or any call or demand therefor made or to be made by plaintiff's board of directors."

Notwithstanding the fact that we must regard the findings as true upon the record before us, we have examined the evidence, and it supports the findings. In fact, there is no conflict. Of course, if the instrument is a contract which, by its terms, settled all claims between plaintiff and defendant, the court erred in admitting evidence to explain it, and to show the circumstances under which it was given, but it is not such contract. It was as to defendant a mere receipt for money. The fact that it stated that the money received was in full of all claims and demands must be held to mean the claims and demands for which the money was given in satisfaction. A receipt may always be explained, and even the amount of money stated in the receipt to have been paid may be shown by parol evidence to have been a different sum. If the amount or sum mentioned in the receipt may be contradicted by parol, there is no reason why the words "all

claims and demands" may not also be contradicted or explained. One word in a receipt is no more sacred than another. A receipt is not intended to be an exclusive memorial, and for this reason the authorities all hold that the facts may be shown. A receipt is only a written admission of a transaction independently existing, and, like other admissions, it is not conclusive. It is evidence—and often very convincing evidence—against the party who gives it, but it is not conclusive. Being only evidence of a fact, it cannot be held to destroy any existing right in no way connected with it.

Now, applying the above principles to the facts of this case, the defendant was indebted, or had incurred an obligation by which it might become indebted, to the plaintiff on a call for subscription for capital stock. The liability or indebtedness so existing could be discharged by the payment of the amount of such indebtedness. The fact of payment would extinguish the indebtedness, but certainly the giving of a receipt of itself would not have that effect. Here the defendant said in effect, "I paid you the amount of the call of $6 per share." The plaintiff in answer said, "You did not." The defendant replies, "Here is a receipt for $4,-648.22 in payment of all claims of every kind and nature." The plaintiff offered evidence to show that the receipt was for a settlement and adjustment of certain dealings in regard to dried fruits; that the amount that might become due upon a call for a subscription to the capital stock of plaintiff was in no way considered or mentioned; that the items going to make up the sum named in the receipt were all in connection with drying fruits; that the call for the $6 had not even been made, and there was nothing due upon it at the time the receipt was given. Defendant objected, and in effect said, "Oh, yes, what you say is true; but I have your *receipt,* and your receipt is a contract, and you cannot dispute it by parol." It is true that there are cases in which what is called a receipt is held to be a contract notwithstanding its name; but in all such cases we apprehend it will be found that the receipt was a settlement of the matters and things for which it was given, and that it was intended to be final. There is a clause in the instrument at bar by which the plaintiff, in consideration of the said payment, agreed to save defendant harmless from all liability or claims of the "California Cured Fruit Association." That part of

the instrument is a contract, but it is a contract in consideration of the $4,648.22 pertaining to the fruit-drying business, and evidently connected with the handling, sale and storage of dried fruits of the crop of 1900. In other words, the receipt was in full for the claims of plaintiff and the California Cured Fruit Association in regard to the drying and handling of fruit for either. We may hold the instrument to be a contract and a settlement in full of all matters pertaining to the handling, sale, storage and disposal of the dried fruits of the crop of 1900. That was what the parties intended, and the court so found.

As to the claim that might arise upon a future call for defendant's subscription to plaintiff's capital stock, the instrument was not a contract. Such liability was not in the mind of the parties. It was not even spoken of during the settlement. Now, a contract is an agreement, upon sufficient consideration, to do or not to do some particular thing. What particular thing did the plaintiff agree to do? It certainly did not agree to cancel all liabilities of defendant by reason of its subscription to the capital stock. It did not make any agreement of any kind as to the liability in controversy. If it did, what is the consideration? It could not be the amount of money that was paid to plaintiff, because that amount was the amount agreed upon and fixed as a settlement for the fruit transactions. To hold this instrument to be a contract in regard to the subject matter of this suit would be to hold that an agreement was made as to a thing that was never mentioned, and the money that was paid for and in regard to a different transaction a consideration for such agreement.

In *Hawley & Co.* v. *Bader,* 15 Cal. 44, it was held in a suit upon an account against B. & S. as a firm, a receipt to B. alone signed by plaintiff "in full of all accounts and demands due us at this date" might be shown by parol evidence to cover firm as well as individual indebtedness. In *Snodgrass* v. *Parks,* 79 Cal. 56, [21 Pac. 429], it was held that parol evidence was admissible to show that a receipt for a certain sum of money, which recited that the money was paid on a contract of *purchase,* was in fact given and received as payment of *rent.*

In the late case of *Jersey Island Dredging Co.* v. *Whitney,* 149 Cal. 269, [86 Pac. 509, 691], it was held that in an ac-

tion for services rendered after the date of a bill rendered for prior services, the amount of which was disputed, and subsequently settled for a less sum ''in full satisfaction of all claims,'' the plaintiff was entitled to show by parol that but one item in the bill was disputed, that there was no discussion as to anything else than the settlement and satisfaction of that bill. The case was decided the other way, and the receipt held to be a contract by the district court of appeal for the first district. A petition for a rehearing was filed in said district court, and two of the justices of said court voted for a rehearing. The case was then ordered up to' the supreme court, and the decision is by the court in bank. The court there said: ''Assuming that the writing relied on constituted a valid contract or release instead of a mere receipt, the question still remained as to what was released thereby.''

So in this case the parol evidence was admitted for the purpose of showing what claims and demands were included in the settlement for which the receipt was given.

Defendant contends that its motion for judgment on the pleadings should have been granted. This contention is based upon the fact that the answer contained a copy of the instrument, and the plaintiff did not comply with section 448 of the Code of Civil Procedure by filing an affidavit denying the same. The section relied upon provides that when the defense is founded upon a written instrument, and a copy of such instrument is contained in the answer thereto, the genuineness and due execution of such instrument are deemed admitted unless the plaintiff file an affidavit denying it. The admission by reason of the failure to file this affidavit does not go beyond the language of the statute. It was thus admitted in this case that the receipt was genuine and duly executed. Plaintiff did not in any manner attempt to prove anything to the contrary. Because the instrument was genuine and duly executed, the plaintiff was not prevented from offering parol evidence as to the surrounding circumstances, and for the purpose of showing what demands were included in the receipt. Plaintiff had the right to controvert the instrument by evidence of mistake or fraud, or to show that it had no connection with the demand sued upon. (*Newson* v. *Woollacott,* 5 Cal. App. 722, [91 Pac. 347] ; *Moore* v. *Copp,* 119 Cal. 429, [51 Pac. 630].)

6 Cal. App.—33

This disposes of the material questions in the case. The judgment is affirmed.

Hall, J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 30, 1907, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 29, 1907.