[Civ. No. 13246.  First Dist., Div. Two.  Mar. 14, 1947.]

CLARENCE M. BAKER, Respondent, v. CLYDE FERREL,
Appellant.

A. L. Crawford and Bruce McMullen for Appellant.

Frank T. McGrath for Respondent.

DOOLING, J.—Appellants Ferrel Ordnance Inc. and Clyde Ferrel appealed from a judgment against them for $1,570.  Respondent is a draftsman who between 1939 and 1942, did certain work for the appellants.  Appellant corporation was incorporated to take over the assets and business of Ferrel Ordnance Trust (a Massachusetts trust).  900 shares of the capital stock of appellant corporation were issued to re-

spondent upon his signing the release in October, 1940, which is hereinafter discussed. On January 9, 1942, appellant Ferrel gave respondent a memorandum in writing acknowledging an agreement to give respondent 7,500 shares of appellant corporation (inclusive of the 900 already issued) ''in settlement of all your claims to and against the Ferrel Ordnance Inc.'' The corporation refused to issue the stock pursuant to this agreement and respondent commenced this action seeking to recover $6,600 (the par value of 6,600 shares of stock at $1.00 per share) as the balance due for the services performed. Appellants filed answers denying the allegations of the complaint.

The court found that respondent had expended 986 hours in said work, that the reasonable value of such work was $2.50 per hour, that $900 was paid on account of such work in the form of stock certificates having a par value in that amount and that there was a balance due of $1,570.

The appeal of appellant Ferrel Ordnance Inc. has been dismissed for failure to pay its franchise tax. (*Boyle* v. *Lakeview Creamery Co.*, 9 Cal.2d 16 [68 P.2d 968].)

On appeal it is claimed that there is no evidence to support a finding that the work performed had a reasonable value of $2.50 per hour. Respondent testified that the reasonable value of his work was $2.50 to $3.00 per hour. The court accepted the lesser figure. The fact that respondent had been paid for some earlier work at the rate of $2.00 per hour at most created a conflict for the resolution of the trial court.

Respondent testified to work done for appellants during the period in suit covering 1,013½ hours. He conceded that 27 hours of service rendered following the execution of the memorandum of January 9, 1942 should be excluded. This left 986½ hours. The court disregarded the half hour in its findings.

The chief claim on appeal is that the release executed in October, 1940, forecloses the consideration of all services rendered by respondent prior to that date. To this claim there are two answers. ■ 1. The release was not pleaded as a defense and a release is an affirmative defense which must be specially pleaded. (*Great Western Gold Co.* v. *Chambers,* 153 Cal. 307, 314 [95 P. 151] ; *Weaver* v. *Atlantian Const. Co.,* 84 Cal.App. 154, 161 [258 P. 111] ; 22 Cal.Jur. 765 ; 45 Am.Jur. 704.) ■ 2. The purported release was therefore not ad-

missible under the pleadings as a release but only as an admission, for what it is worth, of payment. ■ There is evidence that it was in a general form required of all persons receiving stock in appellant corporation and was not intended to cover the services herein sued for. This evidence was competent to explain the claims actually covered by it. (*Carpenter* v. *Markham,* 172 Cal. 112, 115 [155 P. 644] ; *Jersey Island Dredging Co.* v. *Whitney,* 149 Cal. 269, 273 [86 P. 509, 691] ; *Brown* v. *Crown Gold Milling Co.,* 150 Cal. 376, 389 [89 P. 86].)

Respondent admits a clerical error of $5.00 in the judgment. This might be ignored on the ground of *de minimis* but since it is admitted it can be cured by us on appeal.

■ An application was made by both appellants (before the dismissal of the appeal of Ferrel Ordnance Inc.) to produce additional evidence before the court under rule 23(b) Rules on Appeal. This evidence, so far as material to any issue here presented, could have been presented on the trial of the case. The trial court had the same matters before it in affidavits filed in support of a motion for new trial and neither in that court nor here are any facts shown to excuse the failure to produce such evidence at the trial. Rule 23(b) requires: "If the facts relate to events which occurred prior to judgment, the affidavit shall state the reasons why evidence thereof was not produced or offered in the superior court." Cf. *Kemp* v. *Lynch,* 200 Cal. 505, 507 [31 P.2d 375] ; *Springer* v. *Angeles Credit Co., Ltd.,* 44 Cal.App.2d 712, 716 [113 P.2d 7].

The motion to produce evidence is denied.

The judgment is ordered reduced from $1,570 to $1,565 and as so reduced is affirmed, respondent to recover his costs on appeal.

Nourse, P. J., and Goodell, J., concurred.