# Brown *against* Agnew.

One partner may maintain *assumpsit* against his copartner for contribution, where he pays a partnership debt more than six years after a general assignment by the firm in trust for creditors, and the defendant gives no evidence to show that the partnership accounts are open and unsettled.

THIS was a writ of error to the District Court for the city and county of *Philadelphia,* in which William Agnew declared against William Brown in *assumpsit* for money paid, laid out and expended, and for money lent and advanced.　The defendant pleaded *non assumpsit,* payment and set-off with leave, &c.

On the 1st February 1830, the plaintiff and defendant entered into partnership in the city of Philadelphia for the term of three years.　On the 6th March 1832, the defendant made a promissory note in the name of the firm at six months for $859.51, to the order of and endorsed by H. C. Corbit.　On the 2d August 1832, the firm made a general assignment for the benefit of their creditors, and discontinued their business.　Brown left Philadelphia in 1833,

and had been permanently absent since 1837.   S. & F. Dorr & Co. brought suit on the above note in the District Court against Brown & Agnew, late copartners, and recovered judgment, which was confirmed by this court on a writ of error to July term 1838.  See 5 *Whart.* 131.   On the 13th January 1840, Agnew paid this judgment under threat of execution, and brought the present suit to recover contribution for one-half of its amount, with interest, and also for one-half the amount of a debt of $19.50 paid by him in 1839 or 1840, for merchandise purchased by the firm on the 14th April 1832.   A witness for the defendant stated that during the partnership each of the partners received monies coming to the firm, as all partners do.

The judge charged the jury as follows: "The dissolution of the partnership renders it difficult to determine what is the proper form of action.   If the defendant had paid the plaintiff's claim, or any part of it, he might prove it in this action.   If he had any set-off against the plaintiff's claim, or any evidence to show he ought not to pay it, he might make such set-off and give such evidence in this form of action as well as in any other.   This he declines to do, and relies upon his exceptions to the form of the action.   I cannot say that the plaintiff is met here by a legal bar to his recovery, and leave the case to the jury, reserving, however, the point of law."

After argument, the court below confirmed the charge, stating that under it the jury might have found there was no satisfactory evidence in the cause that there were unsettled items between the parties, other than those which were the subject of the present suit.

Errors assigned:

1. The court erred in charging, in substance, that the plaintiff was entitled to recover in this form of action upon the evidence given by him, and that he was not met by a legal bar to his recovery in this form of action upon that evidence; and that the plaintiff's suit was rightly brought; and that he was not met by a legal bar to the form of the action; and that if the jury believed the evidence for plaintiff, he was entitled to recover; and that the court could not say that the plaintiff was met by an absolute legal bar to his recovery in this form of action.

2. In confirming the charge to the jury, and in assuming that they found a verdict upon a principle of law and an inference from the evidence, which was not submitted to them by the charge, and which inference could not be reasonably nor legally drawn from the evidence.

3. In misleading the jury, or in doing what was calculated to mislead them, by an ambiguous charge, and confirming the same, which charge was calculated to lead them to believe that the only question for them to determine was, whether the plaintiff had paid

[Brown v. Agnew.]

the partnership debts alleged by him, and that if he had so paid them, he was entitled to recover.

4. In charging, and in confirming the charge, upon the legal point of defence made by the defendant, in stating the law imperfectly and only in part, so as to favour the plaintiff and prejudice the defendant. If the view subsequently taken by the court below of the law was correct, it ought to have been submitted to the jury so that they could understand it; if in one view that might be taken of the evidence there was a legal bar to the plaintiff's action in its existing form as alleged by defendant, and in another view there was no such legal bar; then those two views ought to have been clearly stated to the jury, and they should have been told that if they believed that there were no unsettled items between the parties except those for which the plaintiff claimed, then the plaintiff was entitled to recover; otherwise not. To charge them simply that the court could not say that the plaintiff was met by a legal bar to the form of this action, when in one view which the jury had a right to take of the evidence he was met by such bar, was to state the law partially, vaguely and imperfectly on the point, giving so much only as would benefit the plaintiff, and withholding that which would benefit the defendant, and was therefore calculated to mislead them.

*H. M. Phillips* and *Earle*, for the plaintiff in error, contended that the proper action was account-render, and that *assumpsit* would not lie by one partner against his copartner for contribution towards the payment of a partnership debt, where it was an item in the partnership account. It lies where there is an insulated transaction not involving the partnership accounts, or for a balance struck; and to these cases it is confined. *Sadler* v. *Nixon*, (27 *E. C. L.* 247); *Helme* v. *Smith*, (20 *Ib.* 300); *Andrews* v. *Allen*, (9 *Serg. & Rawle* 241); *Ozeas* v. *Johnson*, (1 *Binn.* 191); *Foster* v. *Allanson*, (2 *T. R.* 479); *Lamalere* v. *Case*, (1 *Wash. C. C.* 435); *Killam* v. *Preston*, (4 *Watts & Serg.* 14); *M'Fadden* v. *Hunt*, (5 *Ib.* 468); 2 *Bingh.* 170; 2 *Gow* 101; 3 *Steph. N. P.* 2393. These parties having transacted business as partners, the inference would be that they received money as partners: but, independently of that, we proved they did receive money as partners. They, therefore, had an account to settle, and on such settlement, perhaps, the plaintiff would be found a debtor. It lies on him, if he alleges, as the basis of his action of *assumpsit* that the accounts were settled, to prove it.

*F. W. Hubbell*, contra. The partnership commenced on the 1st February 1830, to continue for the term of three years. On the 2d August 1832 the firm made a general assignment, which was a dissolution. *Story on Part.* 145; 1 *Hoffman's Ch. R.* 517. The partnership was then at an end. There remained then only these

[Brown v. Agnew.]

insulated transactions. There is no proof of any other partnership item or claim, or of any partnership account to be settled. The action of *assumpsit* lies when there is only a single item. *Galbreath* v. *Moore*, (2 *Watts* 86); 1 *Stark. R.* 63; 6 *Pick.* 179; 5 *Wend.* 274. It is incumbent on the defendant to show that the account was open and unsettled. The court will not presume it, and we are not called on to prove a negative. Besides, if *assumpsit* does not lie, we are without remedy. Account-render would not lie; for, according to *Thouron* v. *Paul*, (6 *Whart.* 615), one partner cannot recover in account-render money paid to the other partner's use at law or in equity, but only money received by the defendant to the plaintiff's use: and the proof here is only of the defendant's having received money as partner to the use of the partnership, and not to the use of the plaintiff.

The opinion of the Court was delivered by

SERGEANT, J. — It would seem that where there is a general partnership, and one partner, during its existence, pays a partnership debt, he is not entitled to recover in *assumpsit* against the other for contribution; for this action is founded on contract, and there is no contract between them, of this kind, implied by the partnership, but the remedy is by action of account-render to compel a settlement of the accounts of the partnership and adjust the balance due on the one side or the other. If, however, the partnership has been dissolved, and the partnership accounts have been adjusted, and one partner is afterwards obliged to pay an outstanding claim not provided for, the action of *assumpsit* would seem to be the proper remedy to recover the proportion of it which the defendant ought to pay by reason of the joint liability. A contract on his part to do so would arise from the fact of payment, as money paid to his use for his proportion, and on ordinary principles the action would lie for contribution. The transaction would then come within the class which are termed insulated or cut off from the general partnership concerns, and would be the payment by a mere joint contractor on the common account. The authorities collected in *Collyer on Partnership* 156, 157, seem to sanction this principle. In the present case the payment was made in 1840. The partnership had been dissolved by a general assignment by the partners for the payment of their debts in August 1832, more than six years having elapsed from the dissolution till the payment of the claim and institution of this suit. These circumstances, we think, raise a fair presumption that the partnership accounts had been settled or terminated in some way, till it is overthrown by some evidence on the part of the defendant that the general partnership accounts yet continued open and current. This burden lies on him who seeks to avoid the plea of the Statute of Limitations to an action of account-render or *assumpsit*, by the replication that it was an account between mer-

[Brown v. Agnew.]

chant and merchant; for the replication to such plea must go further, and state that no account of said merchants was ever adjusted or settled. *Godfrey* v. *Saunders,* (3 *Wils.* 79, 80); 3 *Williams's Saund.* 127, *note.* By analogy, therefore, after the lapse of six years it lies on the party setting up an account to aver and prove that it remains open and current: and as the defendant here relies on the existence of unsettled accounts to defeat this action, the burden of making it out is thrown on him; and not having done so, there is no ground to defeat the action of *assumpsit.*

Judgment affirmed.