[No. 12379. In Bank. — February 11, 1889.]

J. F. SEARS ET AL., RESPONDENTS, *v.* R. J. STARBIRD, APPELLANT.

PARTNERSHIP — DISSOLUTION — STATUTE OF LIMITATIONS — ACKNOWLEDG-MENT OF DEBT. — After the dissolution of a partnership, one partner cannot revive a debt barred by the statute of limitations, but during its existence each partner is an agent for all in making an acknowledgment under the statute.

ID. — ACTION FOR CONTRIBUTION — EVIDENCE — JUDGMENT ROLL IN PRIOR ACTION FOR DISSOLUTION AND ACCOUNTING. — In an action by one partner against another for a contribution of the debts of the partnership which had been paid by him, the judgment roll in a prior action brought by the defendant against the plaintiff for a dissolution and an accounting, and for the establishment of the respective interests of the partners

in the firm assets, is admissible in evidence to show their respective interests.

ID. — ACCOUNTING AFTER DISSOLUTION — EXPRESS PROMISE TO PAY BALANCE. — Where a partnership has been dissolved and the partnership accounts fully settled, one partner who has individually paid the partnership debts may maintain an action against the other for contribution, although there has been no express promise on his part to pay the balance.

EVIDENCE — OFFER FOR PARTICULAR PURPOSE. — In the absence of an express understanding between counsel and the court that evidence which counsel states is offered for a particular purpose is to be limited to such matter, the court is authorized to consider it for any purpose for which it is competent and relevant to the issues.

SUMMONS — MOTION TO QUASH — OBJECTION WAIVED BY ANSWERING. — Where a motion to quash the summons is denied, the defendant, by answering to the merits, waives his objection to all defects therein.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order refusing a new trial.

After the service of the summons in this action, the defendant, specially appearing for that purpose, moved the court to vacate and set aside the service of the summons, on the ground that it did not conform to the requirements of section 407 of the Code of Civil Procedure. The alleged defect in the summons consisted in its failure to contain a statement of the amount demanded in the complaint. The court denied the motion, to which ruling the defendant excepted, and afterwards answered. The further facts are stated in the opinion of the court.

*F. D. & G. W. Nicol*, for Appellant.

*F. W. Street*, for Respondents.

PATERSON, J.—In the month of April, 1878, the plaintiffs and defendant entered into an agreement to construct and maintain a toll road and bridge known as the "Ward's Ferry road and bridge," in the county of Tuolumne. The parties agreed that in the construction of the road and bridge each was to pay in such sums as

he might be able to pay, and that neither of them was to have, as against the other, any claim for any sum invested by him over the amount invested by the other; that after the completion of the road and bridge they should settle their accounts and ascertain how much each one had invested; each was to be interested in the road and bridge in proportion to the amount he invested therein. After the road and bridge were completed, they endeavored to settle their accounts, but failing to do so, the plaintiff Sears was appointed by all the parties to take charge of the road and bridge, and to act in liquidation of the affairs of the company. In the construction of the bridge and road one Mason had been employed, and there was due him at the time the work was completed the sum of $992.22. Mason requested Starbird to sign a note or due-bill for the amount due him on his account. Starbird refused to sign it. Thereupon Mason went to the other partners, the plaintiffs herein, and they executed and delivered to him a promissory note, dated April 9, 1881, and signed, "Ward's Ferry Road and Bridge Co., by J. F. Sears, Sidney Smith."

This note remained in Mason's possession until April 7, 1885, at which time plaintiffs executed and delivered to him a new note for the principal sum of the original note and interest due thereon, $1,468.38. Plaintiffs did not know that Starbird had refused to sign any note or due-bill, nor did the defendant Starbird, at the time they were made and delivered, know that plaintiffs had executed or delivered either of the notes. On February 14, 1887, the defendant Starbird commenced an action against Sears and Smith, plaintiffs herein, for dissolution of the partnership existing between himself and these plaintiffs, an accounting, for an order and decree of sale of the partnership property, and for a decree showing the amounts paid out by the several partners on behalf of said partnership, and fixing the indebtedness of the part-

nership and the members thereof. He claimed in his complaint that Sears, Smith, and himself were equal partners in the partnership, entitled to equal shares in the profits of the concern, and liable in the same proportion for the losses sustained. This allegation was denied by the defendants therein, who claimed that each copartner was to own and be interested in said road and bridge in proportion to the amount of money, labor, or material which each respectively invested or paid out in the construction of said road or bridge. They further alleged that the firm was indebted to Mason in the sum of $1,468.38, with interest thereon from April 7, 1885. The amounts invested by each partner were set forth. Defendants prayed for an accounting to determine the profits or losses resulting from the partnership, and that the partnership property might be sold to pay the debts, etc.

The court in that action found that the terms and conditions of the partnership agreement were as stated by the defendants in their answer; that plaintiff Starbird had invested on behalf of the partnership $4,007.47; that defendant Sears had invested $4,427.86; and defendant Smith $1,487.40; making a total of $9,922.73. The court further found that the liabilities of the copartnership consisted of a promissory note given by the partnership to Mason, dated April 7, 1885, for $1,468.38, with interest thereon; that this note had been given by the defendants, as partners, to Mason for work done and goods furnished the partnership. A decree followed in that action, dissolving the partnership, ordering a sale of the partnership property; that the proceeds of the sale be applied in payment of the indebtedness of the copartnership, and the balance, if any, be paid to the partners in due proportion.

The evidence further shows that the debt for which the original note was given was a partnership debt, acknowledged to be such by all the parties, and the pay-

ment thereof assumed by them in the progress of the partnership affairs. The evidence shows that after the work was completed the firm was indebted to one Hall, said Mason, and others. The partners met together and agreed that the indebtedness should be paid out of the proceeds of the road. All the indebtedness was paid in that manner except that which was owing to Mason. This agreement was made in the commencement of the year 1879. Starbird and Sears managed the road and paid part of the debts from the proceeds thereof under this agreement. Mason was employed, he testified, principally by Starbird.

Furthermore, it was adjudicated in the case of *Starbird* v. *Sears et al.* that the note given to Mason was a copartnership liability.

There is no question here as to the authority of a partner to bind his copartners *after dissolution* of the partnership. Of course, after the dissolution of the partnership one partner cannot revive a debt barred by the statute, but during the pendency of the partnership each partner is an agent for all in making an acknowledgment under the statute of limitations. (Woods on Limitations, 433; Parsons on Partnership, 188; Civ. Code, sec. 2428.)

It is claimed by appellant that there is no evidence to show the amounts invested by the partners, or to show that Starbird ever invested anything. The judgment roll in *Starbird* v. *Sears et al.*, from which we have quoted the facts above stated, was competent and relevant evidence upon this topic. The amount invested was put in issue therein by the plaintiff, and was determined by the court. There is nothing to show that the judgment therein is not final; nothing to show that it has ever been set aside or appealed from. It is claimed, however, that the judgment roll could not be used for the purpose of showing the amounts invested by the partners. The judgment roll was offered in evidence by

counsel for respondent, without specifying in the offer the object of the evidence. An objection was made on the ground that an appeal had been taken from the judgment, and on the ground that the questions involved therein were not the issues involved herein. Counsel then offered it "for the purpose of showing that on the eighth day of February, 1888, a decree was entered in said action . . . . dissolving the partnership . . . . and ordering a sale of the partnership property." Defendants objected, on the ground that it was *incompetent* for any purpose. The court admitted it, reserving a decision, and thereafter overruled the objection and admitted it in evidence. ,

The court was not bound to limit the evidence to any specific purpose under this offer and objection. In *Sill* v. *Reese*, 47 Cal. 295, it was held that counsel is not bound by the declaration of a limited purpose, so as to preclude him from drawing other deductions than that suggested by the terms of the offer, from the evidence offered, unless injustice would follow to the opposite party by permitting such new inferences. In the absence of an express understanding between counsel and the court that evidence is to be limited to a particular matter, the court will be authorized to consider it for any purpose for which it is competent and relevant to the issues.

In the case referred to, *Starbird* v. *Sears et al.*, it was determined that the Mason note was a partnership debt, and that the partnership property should be sold, and the proceeds thereof applied in payment. It was the only debt and liability remaining unpaid after dissolution of the partnership. It was a joint obligation of all the partners, and all the partners were liable. The note was made April 7, 1885, and the suit for a dissolution of the partnership was not commenced until 1887.

It is claimed that "no action lies by one partner against another, unless there has been a settlement of accounts, and *a promise to pay the balance.*" This is true

as to matters occurring before a dissolution of the partnership; but where a partnership has been dissolved, and the partnership accounts fully settled, an express promise to pay the balance is not necessary, "because the promise is implied in closing the accounts and stating the balance." (Parsons on Partnership, c. 8, pp. 278, 287.) Where one partner pays a partnership debt existing after dissolution of the partnership, he may maintain *assumpsit* against his copartner for contribution; and this is true although he gives his individual note for a debt due from the firm. (*Clouch* v. *Moyer*, 23 Kan. 405; *Brown* v. *Agnew*, 6 Watts & S. 235; *Whetstone* v. *Shaw*, 70 Mo. 575; Civ. Code, sec. 2412.)

Conceding that the summons was defective, which is by no means clear, the defendant, by pleading to the merits, waived his objection to all defects therein. (*Desmond* v. *Superior Court*, 59 Cal. 274.)

We think that the complaint states a cause of action, although a demurrer for ambiguity would have been sustained. The complaint shows that there had been a dissolution of the copartnership by a decree of the superior court, and that an order of sale had been made for payment of the debts, and — as we have seen — it was unnecessary for the plaintiff to allege an express promise by the defendant to pay his proportion of the partnership indebtedness.

Judgment and order affirmed.

McFARLAND, J., WORKS, J., THORNTON, J., and SHARPSTEIN, J., concurred.