[S. F. No. 1042.   Department Two.—January 12, 1899.]

MARY COYLE, Administratrix, etc., Appellant, v. T. J. LAMB et al., Executors, etc., Respondents.

ESTATES OF DECEASED PERSONS—ACCOUNTING BETWEEN ESTATES—EXPIRATION OF LEASE—LACHES.—An action by the administratrix of the estate of one deceased person against the executors of the will of another, to enforce an accounting of rents and profits alleged to have been collected by the latter decedent from a leasehold interest in his lands turned over to him by the former, the lease of which had expired nearly eight years prior to the death of the latter, and more than nine years prior to the commencement of the action, is barred by laches.

APPEAL—ERROR AGAINST RESPONDENT.—Error committed against the respondent cannot be reviewed or considered upon an appeal.

ID.—FINDINGS AND OMISSIONS RENDERED IMMATERIAL—LACHES OF APPELLANT.—Findings against evidence, and omissions to find upon issues tendered, may be rendered immaterial and not ground for reversal upon appeal by a plaintiff, by a finding that the claim of the plaintiff is barred by laches, where such finding is sustained by the record.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. A. A. Sanderson, Judge.

The facts are stated in the opinion of the court.

D. I. Mahoney, and T. P. Ryan, for Appellant.

E. J. McCutchen, and Page, McCutchen & Eells, for Respondents.

McFARLAND, J.—This action is brought by the plaintiff, Mary Coyle, as administratrix of the estate of her deceased husband, John Coyle, against the defendants as executors of the

last will of J. C. Wilmerding, deceased. Judgment was for the defendants, and plaintiff appeals from an order denying her motion for a new trial.

The substantial averments of the complaint are that said Wilmerding and one Fargo, on April 15, 1876, leased to the deceased, John Coyle, for a term of ten years then next ensuing, a certain lot of land at Boardman Place; that Coyle was to have the right to build a house upon the lot and to remove it at the expiration of the term of the lease; that Coyle did build thereon a house; that in November, 1876, the appellant herein, Mary Coyle, acquired from her husband, through mesne conveyances an undivided half of his interest in the lease and house; that in November, 1881, the said John Coyle, deceased, became indebted to Wilmerding in the sum of two hundred dollars, and that to secure the payment of the same the Coyles "turned over" all their right to the land and improvements to Wilmerding, with authority to collect the rents, deduct from the same the said two hundred dollars, and pay the balance of the rent to the Coyles—Fargo, in the mean time, having conveyed all his interest in the lot to Wilmerding; and that Wilmerding has retained possession of the property ever since, collected the rents from November, 1881, to the commencement of the suit, and has failed to pay over or account for the same. (Separate parts of the house had been leased to two or three different tenants.) It is averred that the rents amounted to forty-five dollars a month, and this suit is brought to recover twenty-two dollars and fifty cents a month—upon the theory, we suppose, that one-half thereof is due to the estate of John Coyle. This claim was presented to the defendants as executors and by them rejected. The complaint was not verified, and the answer consists of a general denial of all the averments in the complaint, and as a separate defense that the cause of action is barred by sections 337 and 339 of the Code of Civil Procedure.

The rulings of the court and some of its findings are to a considerable extent confusing. The plaintiff offered herself as a witness, and an objection by respondents based on section 1880 of the Code of Civil Procedure, that she was not a competent witness as to any matter of fact occurring before the death of

Wilmerding, was overruled, and she was allowed to testify quite fully as to matters occurring before Wilmerding died. Considering her testimony in connection with other evidence introduced, it is difficult to see how the court could have properly found "that said John Coyle did not thereafter build upon said lot any dwelling-house or improvement of the value of fourteen hundred dollars, or of any value," or that the Coyles did *not* turn over their right, et cetera, to the lot and improvements to Wilmerding, with authority to collect the rents. of the same. It seems from an opinion of the court attached to the brief of respondents that the testimony of Mrs. Coyle was admitted upon the theory that this action is in the nature of an action to enforce a trust; but there is nothing in the record to show that her testimony was stricken out or disregarded; and, even upon the theory of a trust, we cannot see how the finding that no house was ever built, or that it was not turned over to Wilmerding, as averred in the complaint, can be sustained. There is no finding that upon the theory that the action is one at law the cause of action was barred by the statute of limitations; and the defendants, being respondents, are not in a position to contend, as they undertake to do in their brief, that the court erred in admitting the testimony of Mrs. Coyle. But, notwithstanding the incongruities above noticed, the court finds "that plaintiff has been guilty of laches in the prosecution of this claim and that the claim is stale"; and upon this finding the judgment must be affirmed. The term of the lease ended April, 1886, and Wilmerding lived for nearly eight years thereafter, having died on February 20, 1894; in 1887 he conveyed all the property to one Selby; and this action was not commenced until June 25, 1895, more than nine years after the expiration of the lease. Under these circumstances, there is no warrant for disturbing the finding of the court upon the subject of laches.

The order appealed from is affirmed.

Henshaw, J., and Temple, J., concurred.