[Civ. No. 424.    Second Appellate District.—January 31, 1908.]

MARTIN DALTON, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY, Appellant. J. W. DALTON, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY, Appellant.

NEGLIGENCE—COLLISION ON STREET RAILWAY—INJURY TO PASSENGERS—PLEA OF RELEASE OF DAMAGES—SUPPORT OF FINDINGS.—Where, as the result of a collision of cars on an electric street railway, plaintiffs were injured, and the findings of the court for the plaintiffs as to the amount of the injury, and against the defendant on a plea that the damages were released by each of plaintiffs, were fully sustained by the evidence for the plaintiffs, upon the appeals of the street railway company, the judgment in favor of each of the plaintiffs must be affirmed.

ID.—FRAUD IN PROCURING RELEASE—IMMATERIAL FINDING UNSUPPORTED.—In view of the sustained finding that the release pleaded was never signed, it is immaterial whether a finding that the release was procured by fraud is or is not supported by the evidence. If unsupported by the evidence, it could not affect the result.

ID.—SIGNATURE TO BLANK RELEASE—WRITING SUBSEQUENTLY INSERTED BY DEFENDANT—DEFENSE—PAYMENT ON ACCOUNT NOT PLEADED.—Where plaintiffs signed merely a blank release, and defendant subsequently, in the absence of plaintiffs, inserted written words purporting to release all damages for the sum of $25 paid to each of the plaintiffs, which plaintiffs understood to be merely a payment for time lost, and defendants merely pleaded such release in full, upon a finding against it, it has no pleading upon which it can be allowed the $25 as a payment on account of damages to each of the plaintiffs.

ID.—INADMISSIBLE EVIDENCE—ADVICE AND CONTINGENT INTEREST OF THIRD PARTY—MOTIVES IMMATERIAL.—The court properly excluded evidence on cross-examination of plaintiffs to show that a third party had advised the suit and had a contingent interest therein. The motive of a plaintiff, or of any of his advisers, was of no consequence if the right of action existed.

APPEALS from judgments of the Superior Court of Los Angeles County, and from orders denying a new trial as to each of the respondents. G. A. Gibbs, Judge.

The facts are stated in the opinion of the court.

Bicknell, Gibson, Trask, Dunn & Crutcher, and Norman S. Sterry, for Appellant.

John W. Kemp, for Respondent.

SHAW, J.—Action for damages for personal injuries.

As a result of defendant's negligence plaintiffs were injured in an electric car collision while riding as passengers on defendant's railway. They brought separate suits for damages. In each case defendant filed its answer admitting the negligence charged, but denying that plaintiffs sustained any injuries; and as a further defense pleaded a settlement and release in writing with each plaintiff whereby defendant paid to each of them, and they each accepted, $25 in full payment and satisfaction of all claims and demands of every kind and nature, and especially from all claims and demands resulting from the accident in question, copies of which receipts and claimed releases were set out in each answer.

By affidavit filed under section 448 of the Code of Civil Procedure, plaintiffs averred that said alleged releases and receipts were not genuine and denied the execution of the same.

The court rendered judgment in favor of Martin Dalton for $250, and for J. W. Dalton in the sum of $100. Defendant moved for new trials; these motions were denied; from which orders and judgments defendant prosecutes these appeals.

The questions involved are practically the same in each case and they come here on one record.

The evidence on the part of plaintiffs shows that they signed a receipt wherein none of the blanks had been filled and which was in the following form:

"PACIFIC ELECTRIC RAILWAY CO.

"$...... 　　　　Los Angeles, Cal.,................190....

　　"To ...............................Dr.

　　　　"Address,.... ......................

　　　　.... ..............................

"Received of the Pacific Electric Railway Company, a corporation, the sum of .......... dollars, in full payment and satisfaction of all claims and demands of every kind and nature which I now have, or ever have had, against said Pacific Electric Railway Company; and especially from all claims and demands against said Company occasioned, or in any manner arising or growing out of an accident which occurred on or about the....day of........190.... at or near

.................. ..........................................

　　"Witness......hand in..........this ....day of........,
190.....

　　　　　　　　　　　　　　.................

"Witness:

　　..............•|

　　..............•|

"Correct:　　　　　　Audited:　　　　　Approved for
　　　　　　　　　　　　　　　　　　　Payment:

............　　..............　　..........
"Claims Adjuster.　　Auditor.　　V. P. & G. M.''

The document as set forth in the answer, the genuineness and due execution of which is denied by plaintiffs, consisted of this blank form with the blank spaces filled by writing therein the appropriate words, giving the amount, name, address, date when, and place where, accident occurred, and with the further description added: "on the Long Beach Line where two cars collided while I was a passenger on one of said cars *en route* to Long Beach." Plaintiffs testified that at the time they signed this document it was free from any writing whatever and contained only the printed words.

The case was tried without a jury, and the court found that each and all of the allegations of plaintiffs' complaint were true, except as to the amount of damages suffered by plaintiff; that each and all of the allegations, denials and averments of defendant's answer were untrue, except such matters as were admitted by said answer. The court further found, with reference to the making of the alleged settlement and execution of said alleged release, that plaintiffs did not compromise or adjust all their claims and demands against said defendant growing out of said accident, and did not, for the sum of $25 paid to them, execute and deliver to defendant a release wherein and whereby plaintiffs released said defendant from all claims and demands of every kind and nature arising or growing out of an accident which occurred on or about the fifth day of November, 1904; "and that it is not true that the document set out as 'Exhibit A' (the one hereinbefore referred to) in defendant's answer was made, executed and delivered by the plaintiff to the said defendant."

In our judgment, this last finding, to the effect that plaintiffs did not sign the document pleaded, disposes of these appeals. The evidence on the part of plaintiffs fully supports such finding. They testified positively that they never signed the document as pleaded by defendant, and upon their evidence the court was justified in making the finding.

Appellant, however, contends that the evidence is insufficient to support a further finding of the court to the effect that the alleged releases were procured by fraud and misrepresentation. In view, however, of the fact that plaintiffs never signed or executed the document at all as pleaded, this finding becomes immaterial, and, even if unsupported by the evidence, could not affect the result. (*Gould* v. *Adams,* 108 Cal. 365, [41 Pac. 408]; *Coyle* v. *Lamb,* 123 Cal. 264, [55 Pac. 901].)

The instrument signed was not the instrument set out in the answer, and there is ample evidence to justify the court in finding that the instrument set out as a release was never executed by either of the plaintiffs. The court being warranted, then, in finding that the instrument as pleaded was not executed, it was scarcely necessary to have passed upon the question of fraud in the procurement of the signatures to another

and different document, which, if admissible in evidence at all, must be regarded as merely a receipt open to explanation or contradiction by parol proof, as determined in *California Packers Co.* v. *Merritt Fruit Co.*, 6 Cal. App. 507, [92 Pac. 509], and authorities there cited. (*Jersey Island Dredging Co.* v. *Whitney*, 149 Cal. 269, [86 Pac. 509, 691].)

The court properly sustained objections by plaintiffs' counsel to a line of cross-examination tending to show that a third party had advised the suit and had a contingent interest therein. The matter under investigation related to the question of damages and the payment thereof. The motive of plaintiff, or of any of his advisers, in bringing the action was of no consequence, if the right of action existed.

It appears that defendant paid to each of said plaintiffs the sum of $25, which, according to the testimony of said plaintiffs, was compensation for loss of time resulting from said injuries. Appellant contends that, in any event, the judgment in each case should be modified to the extent of crediting thereon the sum so paid to each plaintiff. According to our view, these payments are in no wise involved in the action. There is nothing in the pleadings which would justify the modification suggested. The answer alleges the payment of $25 to each plaintiff for a certain purpose, which the court finds to be untrue. The fact that it appeared on trial that $25 was paid for some other purpose than that claimed will not warrant the granting of the relief contended for.

We find no prejudicial error in the record, and the judgments and orders are affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 29, 1908.