[Civ. No. 3527. Second Appellate District, Division One.—August 2, 1921.]

## ALEXANDER KAZMAN, Respondent, v. MAX LIGHT, Appellant.

[1] SALES — WARRANTY OF, TITLE — PURCHASES BY COPARTNER FROM PARTNERSHIP—AGREEMENT TO REIMBURSE—CONSIDERATION.—A copartner who, without knowledge that the copartnership has not the title thereto, purchases merchandise from the copartnership is entitled to the warranty of title protection of section 1765 of the Civil Code; and the obligation resting upon his copartner to respond when the defect of title becomes established furnishes a good consideration for the promise of the latter to make good his share of the loss occasioned by the defect of title.

[2] PARTNERSHIP—DISSOLUTION—CONTRIBUTION.—After a partnership has been dissolved and the accounts fully settled, one partner who has paid partnership debts may maintain an action against the other for contribution.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

Warren L. Williams and Seymour S. Silverton for Appellant.

E. V. Rosenkranz for Respondent.

---

2. Right of contribution between partners, notes, Ann. Cas. 1916D, 820, 842, 846.

JAMES, J.—This appeal, taken by the defendant, is presented on the judgment-roll and involves the question as to whether the complaint of the plaintiff states facts sufficient to constitute a cause of action and whether the findings of the court are sufficient to sustain the judgment.

The controversy arose as the result of a transaction in which plaintiff and defendant were engaged as copartners. It is determined by the findings of fact which, under this record, we must assume are correct, that plaintiff and defendant associated themselves together in the purchase of two diamonds. For one of the diamonds they paid the sum of $635 and for the second $950, together with some small charges by way of commissions, etc. In this venture they agreed to share profits and losses. The diamond first referred to was sold and an accounting made to the copartnership. The defendant reported to the plaintiff that he had received an offer of $1,092 for the second diamond, whereupon plaintiff agreed to purchase the diamond himself and paid the copartnership the sum last mentioned. All of the partnership business having been concluded, the accounts were adjusted and settled. Later, one Taylor brought an action of claim and delivery against plaintiff, wherein she asserted title to the diamond so purchased by the plaintiff from the copartnership and in that action she obtained judgment for $1,000, together with costs, which judgment was paid by respondent. This action was then brought to recover of the defendant one-half of the money expended by the plaintiff in satisfying the judgment of Taylor. The plaintiff in his complaint herein first set forth account for money had and received. In the second and third alleged causes of action the facts in detail, the substance of which we have narrated, were stated and in addition thereto it was alleged that upon the bringing of the action by Taylor against this plaintiff, defendant was informed thereof and agreed that if plaintiff would defend that action that he, this defendant, would pay one-half of any judgment that might be rendered against Kazman. It was alleged that defendant had paid the sum of $36 and no more and that he refused to pay any further sum. Leaving aside other questions, it seems not to be disputed that the agreement of appellant to pay one-half of any judgment that might be rendered against respondent in the suit by Taylor

is good and enforceable provided it is founded upon a valid consideration. **[1]** It was alleged and found that respondent herein purchased the diamond referred to from the copartnership. By the provisions of section 1765 of the Civil Code one who sells personal property as his own "thereby warrants that he has a good and unencumbered title thereto." The point is made that a copartner purchasing merchandise from his firm is not entitled to the protection of this section. Counsel for appellant makes the point, but admits that he can find no authorities to sustain it. Under the facts of this case, where it appears that the copartnership never obtained title to the diamond which respondent purchased of it, and as to which lack of title respondent had no knowledge, we think the code warranty should be made to apply with as much force as though the diamond purchased by respondent had been sold to someone outside of the partnership association. If this position is correctly taken, then it at once follows that there was an obligation resting upon appellant to respond when the defect of title became established. This obligation would furnish a good consideration for his promise to respondent to pay one-half of the amount of the judgment in the case of *Taylor* v. *Kazman.* The facts showing the liability of appellant were sufficiently stated in the complaint and the findings of the court fully covered all of the issues made. And irrespective of the express agreement of appellant to pay one-half of the Taylor judgment, the duty to contribute toward an obligation of a copartnership, where such obligation has been discharged by one partner, continues. **[2]** It has been held that after a partnership has been dissolved and the accounts fully settled, one partner who has paid partnership debts may maintain an action against the other for contribution. (*Sears et al.* v. *Starbird,* 78 Cal. 225, [20 Pac. 547].)

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 29, 1921.

All the Justices concurred, except Shaw, J., who was absent.