[Civ. No. 5786. Second Appellate District, Division One.—January 9, 1928.]

THOMAS COLLINS, Respondent, v. G. B. COMBS, Appellant.

Swing & Wilson for Appellant.

Raymond E. Hodge and P. N. McCloskey for Respondent.

HAHN, J., *pro tem.*—This is an appeal by the defendant from a judgment rendered in favor of the plaintiff. The appeal comes before us on the judgment-roll alone.

The allegations of the complaint material to our discussion may be summarized as follows: That on or about the tenth day of February, 1920, plaintiff and defendant entered into a copartnership agreement for the purpose of carrying on the business of manufacturing and selling crushed rock and sand at San Bernardino; that the defendant and plaintiff each, at the time of the formation of the copartnership, paid into the business the sum of $2,000; that the copartnership business continued for a period of about twenty-two months, until on or about the tenth day of December, 1922, when the plaintiff and defendant mutually agreed to discontinue the business and dissolve the copartnership; that at the time it was agreed to discontinue the business and wind up the affairs of the copartnership, it was further mutually agreed between the plaintiff and the defendant that the plaintiff would proceed to take possession of all of the assets of the copartnership and collect all of the moneys owing to the copartnership; also, to gather together all of the obligations owing by the copartnership; that the plaintiff was further authorized to sell all of the assets of the copartnership and from the funds belonging to the copartnership liquidate all of the obligations of the copartnership; that if any funds were left over from the assets of the copartnership, after paying all of its obligations, the plaintiff was to pay over to the defendant his full share of such excess. The complaint further alleges that pursuant to the agreement to dissolve and wind up the affairs of the copartnership, the business was discontinued, and the plaintiff did collect all the moneys due the firm and took possession of all of the equipment and personal property and converted the same into cash; that the total amount of the funds thus acquired belonging to the copartnership was the sum of $12,002.76;

that plaintiff paid all of the outstanding claims against the copartnership, which amounted to the sum of $16,089.56; that the total amount of the liabilities exceeded the total amount of the assets, and that the defendant was liable for one-half of such excess, which the defendant had refused to pay. Judgment is prayed for against the defendant for one-half of the amount which plaintiff alleges he was required to pay out in liquidating the obligations of the copartnership business over and above the total amount he received from the disposal of its assets.

A general and special demurrer filed to the complaint was overruled.

In his answer the defendant denies every material allegation contained in the complaint, except that he admitted that he had not paid the plaintiff the sum claimed by plaintiff as owing him. In addition to the denials, defendant's answer contains an affirmative defense, wherein it is alleged that in February of 1920, the copartnership which was then formed consisted of the plaintiff, defendant and one L. E. Beckley, the three being owners of equal shares in the assets of said firm and each to share equally in its profits and losses; that the defendant contributed to the copartnership in money and material a sum in excess of $400; that the amounts contributed by plaintiff and Beckley were unknown to the defendant; that about two months after the copartnership was formed, Beckley sold and conveyed all of his interest in the copartnership business to the plaintiff, and, as a part of the consideration running from the plaintiff to Beckley, plaintiff agreed to assume the payment of the portion of the partnership indebtedness that was then owing by Beckley; that at all times since the withdrawal of Beckley from the copartnership, the plaintiff was the owner of the two-thirds interest and share in the copartnership business, while the defendant was the owner of only one-third interest in the copartnership business; that after the withdrawal of Beckley from the copartnership in April of 1920, plaintiff and defendant were actively engaged in conducting the business until the month of May, 1920, at which time the defendant "ceased further active participation in said business and said plaintiff assumed and thereafter continued the operation of said business without the assistance or pres-

ence of the defendant"; that on September 20, 1920, the business was discontinued and without the knowledge or consent of the defendant, plaintiff sold and disposed of a portion of the assets of the copartnership; that in November or December following, the plaintiff informed the defendant that he had disposed of a portion of the assets of the copartnership, and that he proposed to sell the remainder of the assets and apply the proceeds derived therefrom toward the payment of the indebtedness owing by the firm; that the plaintiff did subsequently dispose of the assets, but that he has never made an accounting to the plaintiff for the money so received, and that the defendant had no knowledge of what disposition was made by the plaintiff of the moneys received from the sale of the assets of the firm. The defendant further alleges in his answer that the value of the assets of the firm was in excess of the obligations of the firm, and the prayer of the answer is "that plaintiff take nothing by reason of this action, and that he be henceforth dismissed with his costs."

The court found in its findings of fact that during the month of January, 1920, plaintiff and defendant and L. E. Beckley formed the copartnership in question, each having an equal share in the business; that this copartnership continued until about the tenth day of February, 1920, at which time Beckley withdrew from the copartnership and conveyed all of his right, title, and interest in the business and the assets of the copartnership to the plaintiff and defendant; that the consideration running to Beckley for his interest was the payment of $800 in cash, and the agreement by the plaintiff and defendant to pay the share of the indebtedness of the copartnership that Beckley would be liable for as a copartner; that at all times subsequent to the withdrawal of Beckley, plaintiff and defendant constituted the copartnership and were the owners of its property and assets in equal shares, and that the defendant at all times subsequent to the withdrawal of Beckley was liable for one-half of the obligations of the copartnership; that the plaintiff and the defendant continued to carry on and operated the copartnership business after the withdrawal of Beckley until December 1, 1922, at which time, by mutual

consent, the business was closed, and the copartnership firm dissolved.

The court further specifically found that at the time of the dissolution it was agreed between the plaintiff and the defendant that the plaintiff should collect all moneys owing to the firm, take possession of all of the equipment and assets of the firm and convert the same into cash; that he, the plaintiff, was to gather in all of the outstanding obligations of the copartnership and with the funds in his hands derived from the disposal of the assets of the firm to liquidate all the firm's obligations, and on the final adjustment of the affairs of the firm if any money remained in plaintiff's hands derived from the sale of the firm's assets after the payment of all of its obligations, plaintiff was to pay over to the defendant his share of such money. The findings further set forth that pursuant to this agreement plaintiff did take possession of all of the assets of the copartnership and sold the personal property and equipment, and the total amount of funds he so became possessed of belonging to the copartnership amounted to the sum of $11,943.72; that plaintiff did pay and liquidate all of the claims against the copartnership and paid out therefor the sum of $15,143.72; that there was an excess of obligations over assets, which amount had been paid by the plaintiff, and that the defendant was indebted to the plaintiff by reason thereof in the sum of $1,500. The findings further negative all of the allegations of the answer except such as were specifically found.

Appellant urges as grounds for a reversal of the judgment: (a) That the demurrer to the complaint was erroneously overruled; (b) that the findings are outside of the issues and do not sustain the judgment; (c) that the findings do not state an account; and (d) that the accounting was not complete.

In support of his first point appellant urges that the complaint is uncertain in that it cannot be determined therefrom whether it is an action for a full accounting of all of the affairs of the copartnership, or a proceeding for contribution by the defendant under a special agreement of liquidation of the affairs of the copartnership; and he urges further that if the action is construed as one for contribu-

tion, then the complaint does not state a cause of action, for the reason that it contains no allegation of a complete accounting had, and without such allegation, an action for contribution cannot be maintained by one partner against another.

To this contention respondent replies that the action is one for contribution based on a special agreement between the plaintiff and the defendant.

We are satisfied that respondent's contention on this point must be sustained. In fact, it would seem to us that the only reasonable interpretation of the complaint is that it is an action for contribution based upon an agreement between the parties. As we have heretofore set forth, the complaint contains all of the necessary allegations to support such an action. There may be allegations not necessary to support such an action. If so, they are nothing more than surplusage. While it is true the complaint does not specifically allege that the defendant, in the agreement for dissolving the copartnership, agreed to pay any share of the excess of liabilities over the assets, or that the plaintiff was authorized to make any such excess payment in the event that the funds derived from the sale of assets were insufficient to pay the liabilities in full, such an allegation is not necessary in order to support an action for contribution, for the reason that either party was liable for all of the obligations of the copartnership, and a promise to pay his share of any deficit was implied in the agreement made by the defendant with the plaintiff to close up the business and liquidate the affairs of the copartnership. (*Sears* v. *Starbird,* 78 Cal. 225 [20 Pac. 547] ; *Kazman* v. *Light,* 53 Cal. App. 732 [200 Pac. 768].) Inasmuch as the complaint clearly sets forth an action for contribution under a special agreement, the special demurrer was properly overruled.

The general demurrer was also properly overruled. It clearly appears from the complaint that all of the assets of the copartnership had been disposed of and all of its obligations liquidated. There only remained for the purpose of winding up the affairs, the payment by the defendant to the plaintiff of his share of the deficit. (*Kazman* v. *Light, supra.*)

■ Appellant's next contention is that the "findings are outside the issues." The principal finding complained of recites that the original copartnership consisted of plaintiff, defendant and one L. E. Beckley, but that Beckley sold out his interest in the copartnership to plaintiff and defendant for the sum of $800, and that in the transaction plaintiff and defendant equally assumed the payment ·of that portion of the firm's indebtedness that was owing at the time by the retiring Beckley. While it is true that the complaint makes no reference to Beckley, and the finding of fact differs from the allegation as to that point in the answer, the finding was well within the issues raised by the pleadings, as were other findings complained of. One of the material issues in the case was, who constituted the copartnership and in what proportions did those liabilities exist? The findings go directly to the heart of the matter. The case of *Simmons* v. *Simmons,* 166 Cal. 438 [137 Pac. 20], is not.in point. There, there was but one issue raised by both answer and complaint, namely, whether the property involved was or was not community property. The court, after finding that the property was not community property, went further and made a finding that the plaintiff had loaned the defendant some money and proceeded to render judgment in favor of the plaintiff against the defendant for the amount of the loan. The court clearly went outside of any issue raised by the pleadings in determining that defendant owed the plaintiff $1,000.

We have carefully examined the findings, and we can find no merit in the contention that the findings are outside of. the issues.

Two other points are urged by appellant, namely, "that the findings do not state an account," and, second, "that the accounting was not complete." Both of these propositions are discussed by appellant in his brief on the assumption that the action was one for an accounting. Inasmuch as we have already disposed of that contention in holding that the action is one for contribution, there would seem to be no occasion for a discussion of these last two points.

The judgment and orders are affirmed.

Conrey, P. J., and Houser, J., concurred.