[Civ. No. 6162. First Appellate District, Division Two.—April 30, 1928.]

I. E. CALDWELL et al., Appellants, v. J. S. RICHARDS et al., Respondents.

E. A. Klein and R. W. Henderson for Appellants.

F. E. Borton and James Petrini for Respondents.

BURROUGHS, J., *pro tem.*—This is an action upon a promissory note. The answer admits the execution of the note, but as a special defense alleges that the same was understood and intended between the plaintiffs and the defendants to operate as a contract of indemnity and not otherwise; and that no liability has been incurred by the defendants by virtue thereof. The court found in accordance with said special defense, and adjudged that plaintiffs take nothing by their action and that defendants recover their costs of suit.

Plaintiffs appeal from the judgment, and in support thereof contend that the court erred in concluding that the facts constituted "a contract of indemnity" and not "a partnership arrangement."

A fair statement of the case as shown by the evidence follows: At the time of the transaction hereinafter set out, the plaintiffs and defendants were business men and property owners in Oildale, Kern County, and were mutually interested in the welfare and progress of the community.

A short time prior to November 28, 1923, one H. E. Gove represented to the parties hereto that he was a manufacturer engaged in the business of manufacturing water heating appliances in the city of Los Angeles; that he intended to move his factory from Los Angeles to Oildale or Bakersfield. He discussed the subject with the people of Oildale with the result that a meeting was called to be held in the community clubroom of the schoolhouse. This meeting was attended by all three plaintiffs and a large number of the defendants. At this meeting Gove outlined his project and asked the citizens to loan him the sum of $5,000 and secure him a factory site. No definite action was taken at this meeting.

Later another meeting was held in the office of Justice of the Peace Ed. Gilroy. This meeting was also attended by all three plaintiffs and a large number of the defendants. There is considerable disagreement among the witnesses as to what transpired at the meeting, but under well-settled principles of law the conflict must be resolved in

favor of the findings of the court. (*Moss* v. *Smith*, 181 Cal. 519 [185 Pac. 385] ; *Estate of Johnson*, 182 Cal. 642 [189 Pac. 280].) With this cardinal principle of law in mind, the evidence shows that the parties present at the meeting undertook to raise the loan for Gove and also procure him a factory site. The money was to be procured by a loan evidenced by the promissory note of all the parties in favor of the Security Trust Company of Bakersfield, where they expected to obtain the money. In accordance with said understanding such a note was prepared and signed by the plaintiffs and all of the defendants who were present at the meeting. A factory site was also purchased at a cost of $900, and another promissory note for that sum was executed in favor of the owner of the land. This land was conveyed to Gove, but due to some defect in the instrument of conveyance, title never vested in Gove and it was subsequently sold for $1,200; the proceeds of the sale being used to pay the $900 note and accumulated interest, and the balance being applied by Mr. Caldwell to the note here in suit. A document was also prepared at this meeting containing the conditions under which the five thousand dollars was to be used. This instrument could not be produced at the trial and the court received parol testimony of its contents. It was written in longhand by the plaintiff Johnson, and provided that the money, after being procured from the bank, should be placed in escrow along with $10,000 which Gove was to raise in Los Angeles, and that the full amount should constitute a building fund to be paid out as work on the factory progressed, the money to be disbursed upon the signature of said Gove and the defendant Asa Arratt, said disbursements also to be approved by the plaintiff I. E. Caldwell. This evidence was contradicted, but it was found by the court to be true. There was evidence that before the money was to be placed in escrow as a building fund said Gove was to take it with him to Los Angeles, with the deed to the land, for the purpose of showing the parties from whom he expected to obtain the $10,000 that he actually had the sum of $5,000 and a building site. However, this evidence was contradicted and, as we have already pointed out, the court having found against it we are bound thereby.

Plaintiffs Gann and Johnson were appointed to negotiate the loan at the bank. Subsequently they called upon the

Security Trust Company at its banking house, but were advised by an officer of the bank that it would not accept the note with so many signatures, but would loan the money on the note of the three plaintiffs, and it was suggested by the officer that the plaintiffs obtain a note from the other signers to protect themselves. A note was thereupon presented to the bank and also a note to the three plaintiffs. The latter was passed around for the signatures of the original signers to the $5,000 note. It was signed at various places and the names of those signing the new note were erased from the original note. Thereafter the note executed to the bank was presented by Johnson and Gann and the money obtained and delivered to Gove without any of the safeguards provided for by the agreement between the parties which the court found to exist. It appears, from the evidence of the plaintiff Caldwell that he did not sign the note to the bank until two or three days after it had been signed by his coplaintiffs. It also appears that Gove had disappeared and that no factory has been built. It is further in evidence that upon the completion of the factory the $5,000 loan was to be secured by a mortgage thereon.

Plaintiffs claim that the facts constitute the transaction one of partnership, and cite in support of this theory section 2395 of the Civil Code, which provides: "Partnership is the association of two or more persons, for the purpose of carrying on business together, and dividing its profits between them." No decisions are cited in support of this view, but we are of the opinion that the recital of the foregoing facts in conjunction with the section of the Civil Code just cited negatives this contention. Under the findings of the court the parties merely pledged their credit to 'secure a loan for the purpose of assisting Gove in building a factory in Oildale, and it does not constitute a partnership transaction.

Plaintiffs claim that the action was tried on the theory of contribution. Conceding, without deciding, that in an action upon a promissory note, without further or different pleadings, the plaintiffs may claim contribution, it then becomes immaterial whether the evidence establishes a partnership or a joint adventure, for in either case, upon a proper showing, the plaintiffs would be entitled to contribution. (Sec. 2412, Civ. Code; sec. 1432, Civ. Code; *Sears*

v. *Starbird,* 78 Cal. 225 [20 Pac. 547]; *Kazman* v. *Light,* 53 Cal. App. 732 [200 Pac. 768].)

▮ The trial court found that plaintiffs were not entitled to contribution or to a judgment because the loss incurred was not a loss for which the defendants were responsible or to which they agreed to contribute. The court found upon substantial evidence that the money was to be disbursed by plaintiffs upon certain conditions and with certain safeguards, none of which was followed. Therefore the money having been lost, not as a result of the joint adventure of the parties, but by the independent and unwarranted action of the plaintiffs, the latter cannot recover.

▮ It is also claimed that in any event the plaintiff Caldwell was entitled to recover. This contention is based upon the fact that Caldwell did not sign the note at the bank until two or three days after it was signed by the other plaintiffs and after the money had been paid to Gove. Conceding these facts to be sustained by the evidence, it is undisputed that Caldwell was present and participated in the meeting at which the agreement concerning the method of handling the money was reached, also that he was one of the payees named in the note. It is therefore clear that his signing the note at the bank was not an afterthought. If the money had been paid to Gove previous to said plaintiff affixing his name to the note, his failure to ascertain that fact and refuse to become a party to the deal could not add to the liability of the defendants.

▮ Another ground urged for a reversal of the judgment is that the court's findings numbered eight and nine are not sustained by the evidence. Finding number eight is to the effect that there is no evidence to establish the fact that recovery of the money so delivered by plaintiffs to Gove cannot be recovered or that plaintiffs have made a reasonable effort to recover the same. Finding number nine is that plaintiffs have not paid the promissory note signed by them and delivered to the Security Trust Company. Having held that under the agreement between the parties the defendants are not liable to the plaintiffs, these findings become immaterial, and no useful purpose would be served by examining the evidence and passing upon said findings. (*Brison* v. *Brison,* 90 Cal. 323 [27 Pac. 186]; *Coyle* v. *Lamb,*

123 Cal. 264 [55 Pac. 901]; *Dalton* v. *Pacific Electric Ry. Co.*, 7 Cal. App. 510 [94 Pac. 868].)

The last assignment urged is that the court erred in sustaining an objection to the following question asked of the plaintiff Caldwell, on his examination in rebuttal of the defendants' case: "Q. After you learned that—you came to the conclusion that Mr. Gove was not acting in good faith, did you consult an attorney with regard to bringing any proceedings against him? A. Yes sir. Mr. Borton: Objected to as irrelevant and immaterial, not in rebuttal of anything. The Court: I don't see what that is rebuttal of; what difference does it make? Mr. Henderson: I just want to show he acted in good faith in the matter. Mr. Borton: I don't doubt that at all. The Court: I don't care to go into that. Mr. Henderson: All right, your Honor."

In support of this alleged error appellants say in their brief: "It may fairly be assumed that they proposed to show just what they did to recover the $5,000 advanced to the promoter, Gove, and that they learned that no recovery could be had against him. The plaintiffs were certainly entitled to present these matters. The court refused to allow them to present this line of evidence and then proceeded to make an additional and voluntary finding against them, negativing such testimony as they introduced. It was, of course, necessary and proper that the plaintiffs should show that they had in good faith exhausted all means to recover the $5,000 loaned to the promoter and that that sum could not be recovered and that sum was hopelessly lost. The ruling of the court deprived them of that right." There are several answers to this claim. Finding eight, toward which counsel's objection is directed, has already been held to be an immaterial finding. One of the grounds upon which the court sustained the objection was that the evidence sought to be elicited was not in rebuttal. Counsel have not pointed out, nor have we been able to find, any evidence in defendants' case of which the foregoing would be rebuttal testimony; and no request was made to allow it to go into the record as part of the plaintiffs' main case. Counsel for plaintiffs further stated that the object of the offered evidence was to show the good faith of the witness, whereupon counsel for defendants admitted the good faith of the wit-

ness.  Under these circumstances the ruling of the court did not constitute error.

The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.