[Civ. No. 5108.   Third Appellate District.—July 9, 1934.]

PEERLESS  MOTOR  COMPANY  (a  Corporation),  Respondent,  v.  STERLING  FINANCE  CORPORATION  (a Corporation), Appellant.

Sparling & Teel for Appellant.

Root, Bettin & Painter, Conant Wait and L. Kenneth Rhodes for Respondent.

THOMPSON, J.—The defendant Sterling Finance Corporation has appealed from a judgment quieting title in the respondent to one Peerless sedan automobile. It is claimed the respondent is estopped from asserting title thereto. Judgment was also rendered against the other defendants by default. They have not appealed.

The respondent Peerless Motor Company, a corporation, is a factory distributor of Peerless automobiles, authorized to do business in California, with its principal place of business at Los Angeles. The appellant is a financing corporation of the same city. The defendant Arthur Bowe is an independent dealer in automobiles, doing business under the name of Wilshire Center Motors, with its place of business also in Los Angeles. He was engaged in buying and selling motor vehicles. He was not an agent of the respondent. Prior to September 11, 1929, Bowe had secured the prospect of selling a Peerless machine to Mr. and Mrs. P. J. Brady. On the last-mentioned date, Bowe exhibited to them the automobile which is involved in this action at the warehouse of the respondent in Los Angeles. Two days later, which was Friday, the 13th, Bowe agreed with W. F. Fowler, the representative of the respondent company, to purchase the Peerless machine for a cash consideration of $2,094.90. Thereupon Bowe drew and delivered to Fowler his personal check for that sum on the Seaboard National Bank of Los Angeles, in favor of Peerless Motor Company, saying, "This check is all right." No receipt for this check or the money which it represented was delivered. No bill of sale or other evidence of transfer of title to the machine was executed. The title to the machine was not intended to pass until the check was honored and paid. Mr. Fowler

testified in that regard, "It (the check) was supposed to be cleared before the car was delivered." The delivery of the machine was not authorized by the respondent. Mr. Fowler further testified regarding the delivery: "Q. The car was not delivered at that time but was held for future delivery? A. Yes. Q. At no time did you deliver the car to Mr. Bowe? A. No."

On Saturday, the fourteenth day of September, the cross-defendants P. J. Brady and wife, executed a conditional contract to purchase the car from Bowe for the sum of $3,200, which was immediately assigned to the appellant Sterling Finance Corporation. In the afternoon of that same day, Bowe went to the respondent's warehouse and took possession of the automobile, which he delivered to Mr. and Mrs. Brady. In compliance with the terms of their contract of purchase with Bowe, the initial payment on the Peerless car was satisfied by turning over to Bowe their old Gardner machine. Upon an application therefor, signed by Arthur Bowe, without the authorization of the respondent company, the division of motor vehicles, on September 16th, issued to Jeannette M. Brady, as the purchaser of a "new Peerless" automobile, a certificate of ownership. The appellant merely credited the net allowance for the assigned agreement for purchase of the Peerless car to a debt which Bowe owed it. The check which Bowe gave to the respondent was not paid. He had no funds in the bank with which to pay it when it was drawn or thereafter. On Monday, the 16th, the respondent hunted up Brady, the purchaser of the car, and informed him the check was dishonored and that the title to the car had not passed. Brady voluntarily returned the Peerless machine to the respondent.

Suit to quiet title to the automobile was instituted. The answer merely controverts the material issues of the complaint. Estoppel was not pleaded. In the trial of the case it was not suggested that estoppel was an issue to be determined. The defendants Mr. and Mrs. Brady and Mr. Bowe defaulted. The court adopted findings favorable to the respondent, and rendered judgment accordingly. The Sterling Finance Corporation, only, has appealed.

The appellant contends that the evidence fails to show that title to the automobile remained in the respondent, and

that it is estopped from asserting title to the machine because of its conduct in the transaction.

The finding of the court that the plaintiff was the owner and entitled to the possession of the Peerless sedan automobile is adequately supported by the evidence. It appears that the title to the machine did not pass to Bowe. He was not the agent of the respondent. The machine was never actually delivered to him. The appellant is charged with notice that Bowe was not the owner of the machine. It is apparent the sale to Bowe was intended to be for cash, subject to the payment of his check which was dishonored for lack of funds. The certificate of ownership was issued to Jeannette M. Brady by the motor vehicle department of California without the knowledge or consent of the respondent. No *indicia* of title was executed or delivered by the respondent.

The question as to whether title to personal property passes to a proposed purchaser by the mere delivery thereof depends upon the intention of the parties, which is to be determined by the circumstances of the transaction. The mere acceptance of a check in payment for personal property, subject to the payment of the check, does not pass title when the check is subsequently dishonored and is not paid. (*South San Francisco Pkg. etc. Co.* v. *Jacobsen,* 183 Cal. 131 [190 Pac. 628] ; *Towey* v. *Esser,* 133 Cal. App. 669 [24 Pac. (2d) 853].)

The appellant contends that the conduct of the respondent estops it from questioning the title to the Peerless sedan machine. We are of the opinion the record discloses nothing in the conduct of respondent with relation to the transaction which estops it from asserting title thereto. Moreover, the appellant failed to plead estoppel in its answer or cross-complaint, and the defense of estoppel does not appear to have been an issue in the trial of the case.

It is a well-established rule of law in California that one who relies on the doctrine of estoppel as a defense to an action and who has the opportunity to do so must plead and prove the facts constituting the alleged estoppel. (*Carpenter* v. *Markham,* 172 Cal. 112 [155 Pac. 644] ; *Chapman* v. *Hughes,* 134 Cal. 641 [58 Pac. 298, 60 Pac. 974, 66 Pac. 982] ; 21 C. J. 1241, secs. 248–250; *Ripley Imp. Co.* v. *Hellman etc. Sav. Bank,* 90 Cal. App. 83, 92 [265 Pac.

835]; 8 Standard Encyc. of Proc., pp. 683 and 691.) Certainly the appellant had the opportunity to ascertain and plead the facts which it contends constitute an estoppel in this case. In the Carpenter case, *supra*, it is said that the question as to whether certain instruments "raise an estoppel against plaintiff, in either case to be availed of the facts constituting the accord and satisfaction. or the facts constituting the estoppel must have been pleaded". In 8 Standard Encyclopedia of Procedure, at page 683, it is said:

"The rule is now well settled that all estoppels must be pleaded where there is an opportunity to do so, or else they will be set at large, regardless of whether the proceedings be at law or in equity."

On page 691 of the last-mentioned text-book it is said:

"In the great majority of the states the rule is firmly established that the defense of estoppel *in pais* must be pleaded where there is an opportunity to plead it, especially in view of code requirement that new matter invoked as a defense must be set out."

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.